189 So.2d 239 (1966)
ORMOND BEACH FIRST NATIONAL BANK, a Corporation Organized and Existing under the Laws of the United States, Petitioner,
v.
J.M. MONTGOMERY ROOFING COMPANY, Inc., a Corporation Organized and Existing under the Laws of the State of Florida, Respondent.
No. 1-40.
District Court of Appeal of Florida. First District.
August 9, 1966.
Rehearing Denied August 29, 1966.
*240 Raymond, Wilson, Karl & Conway, Daytona Beach, for petitioner.
William C. Lewis, Coral Gables, for respondent.
WIGGINTON, Judge.
Petitioner, defendant in the trial court, seeks review by certiorari of an interlocutory order entered in connection with discovery proceedings initiated by the parties.
Respondent, a Florida corporation whose principal place of business is located in Dade County, instituted this action at law in Volusia County seeking damages for an alleged breach of contract. Petitioner, a national banking corporation organized under the laws of the United States, maintains its principal place of business in Volusia County where the action is brought. During the course of the proceedings respondent filed its motion for an order directing petitioner to produce and permit the inspection and copying of several categories of documents relating to the transaction out of which respondent's cause of action allegedly arose. As grounds in support of the motion respondent alleged that the information thereby sought was solely *241 within petitioner's possession; that such information may have a bearing on the matters in issue; that disclosure of the requested documents was necessary in order to enable respondent to properly prepare its case for trial; and, it is imperative in the interest of doing substantial justice that petitioner be required to permit the inspection and copying of the documents referred to therein.
While the foregoing motion to produce was pending, petitioner served notice of taking the depositions of the president and vice president, respectively, of respondent corporation, scheduling the depositions to be taken on a specified date and place in Volusia County. Witness subpoenas for the corporate officers were issued and served, requiring their attendance at the taking of their depositions. Respondent filed an unverified motion for a protective order by which it objected to the requirement that its corporate officers give their depositions in Volusia County. Such objection was based upon the ground that the corporate witnesses reside and transact their business in Dade County and should be required to attend a hearing for the giving of their depositions only in that county.
Upon consideration of the foregoing motions, the trial court rendered the order appealed by which it directed petitioner to produce the documents requested by respondent, and ordered that the depositions of respondent's corporate officers be taken only in Dade County, and not in Volusia County as noticed.
At the outset respondent challenges the propriety of this proceeding by which petitioner seeks review by certiorari of the interlocutory order entered in an action at law. Such an order is not subject to review by interlocutory appeal because it does not relate to venue or jurisdiction over the person.[1] This type of order may, however, be reviewed by certiorari under exceptional circumstances, such as where it clearly appears that the trial court has acted without or in excess of its jurisdiction, or the order does not conform to essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate.[2] Certiorari has been held to be the proper method of reviewing an interlocutory order entered in connection with discovery proceedings, if the effect of the order meets the test above stated.[3] We conclude that the order rendered in the case sub judice sufficiently meets the test entitling petitioner to review by certiorari, so respondent's objection to the procedure adopted in this case is rejected.
Petitioner first contends that the trial court erred in granting respondent's motion to produce. Such contention is premised upon the position that no good cause for requiring the production of the documents referred to in the motion has been demonstrated; the motion is neither verified nor supported by affidavit; the documents sought for inspection and copying are referred to in broad and general terms without that degree of specificity necessary to enable petitioner to produce the exact documents which form the subject of the motion; and, it does not affirmatively appear from the allegations of the motion that the documents requested by respondent constitute evidence which would be admissible at the trial. That portion of the order which petitioner assaults under this point of its brief directs petitioner to produce the following:
"All correspondance [sic], affidavits, withdrawals, payment records, or any other writings pertaining to any sums paid by the said Defendant after June 9, 1964, to the Sanford Shopping Center, Inc., R.M. Thompson Construction *242 Company or any sub-contractor of said construction company with regard to the mortgage on the property of the Sanford Shopping Center, Inc. at Sanford, Florida, of which the Ormond Beach First National Bank, Defendant was disbursing agent for the Chase Manhatten [sic] Bank of New York, being the Mortgagee of said property and be it further ordered that Paragraph 2 of the said Plaintiff's Motion be and is hereby denied for the present until further predicate is laid therefor."
While it is true that the documents referred to in respondent's motion are not identified with the degree of certainty desired by petitioner, it is our view that the general description of the various categories of documents referred to in the order are sufficiently certain to enable petitioner to make compliance therewith. While it is true that respondent does not definitely allege the documents it seeks to inspect and copy constitute evidence which it intends to introduce and which will be admissible at the trial, it should be recognized that the character of the documents as evidence cannot be determined until respondent has had the opportunity of examining them, and their admissibility as evidence may not be definitely determined until ruled upon by the court at the trial. It is our view that petitioner's allegation of error with respect to the order requiring it to comply with the motion to produce is not well taken.
Lastly, petitioner urges that the trial court erred in holding that the deposition of respondent's corporate officers may be taken only in Dade County where they reside and transact their business, and not in Volusia County where the action was instituted and is presently pending.
Our rules of civil procedure relating to discovery proceedings are remedial in nature and should be liberally construed to the end that cases may be tried on the merits and a just conclusion attained. They should not be so applied, however, as to work an unjust hardship either on the parties to the cause, or on witnesses who may be required to give their testimony on the facts in issue.
Our rules of procedure provide that a person desiring to take the deposition of any person upon oral examination shall give reasonable notice of the time and place of taking.[4] The rules further provide that upon motion seasonably made by any party or person served with notice of the taking of their deposition on oral examination, the court, for good cause shown, may order that the deposition be taken only at some designated place other than that stated in the notice, or make such other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression.[5] A person, not a party to the action, may be required by subpoena to attend the hearing for the taking of his deposition. The rule provides, however, that under these circumstances such person may be required to attend an examination only in the county where he resides or is employed or transacts his business in person, or at such other convenient place as may be fixed by an order of court.[6] It is not necessary, however, that a subpoena be issued to the officer or managing agent of a corporate party as a prerequisite to securing the attendance of such officer or agent for the giving of his deposition. As said by Barron and Holtzoff in their treatise on Federal Practice and Procedure:
"The attendance of witnesses, other than parties, at the taking of a deposition must be obtained by service of a subpoena, as provided in Rule 45. A subpoena is unnecessary, however, to take the deposition of a party. Since Rule 37(d) provides for sanctions for *243 the wilful failure of a party to appear for the taking of his deposition after notice has been served upon him, the courts have reasoned that the notice alone, without subpoena, is sufficient. * * *"[7]
Florida Rule 1.34 relating to subpoenas for attendance of witnesses to give oral depositions is the counterpart of Federal Rule 37 referred to in the above quotation. It follows that the foregoing rule providing that a person may be required to attend an examination for the giving of his deposition only in the county where he resides or is employed or transacts his business in person does not relate to officers or managing agents of corporations who are parties to the cause. This conclusion is supported by Rule 1.31(d), F.R.C.P., which provides that if a party or an officer or managing agent of a party willfully fails to appear before the officer who is to take his deposition, after being served with proper notice, the court may impose the penalties and sanctions specified by the rule.
It has been generally held by courts in the federal jurisdiction, in applying rules of discovery from which the Florida rules have been adopted, that the plaintiff is required, upon proper notice, to give his deposition in the forum where the action is pending. Such conclusion is premised upon the theory that having selected the forum in which to institute his action, the plaintiff must be prepared to appear in that forum and give his deposition if properly served with notice to do so by the defendant in the case. This is so, whether the choice of forum in which action is instituted is optional or compulsory.[8] As said by the court in Irwin Co. v. Tide Pub. Co.:
"The present papers are insufficient to require a deviation from the usual rule that a plaintiff, having selected a forum, must be prepared to bear the necessary costs of prosecuting his claim, and, therefore, should submit to examination at his own expense in the forum he has chosen. * * *"[9]
This is not to say, however, that circumstances may not be shown which would justify the trial court in requiring that the deposition of a party be taken at some location other than the forum in which the action is pending. The motion for a protective order filed herein by respondent fails to show good cause why the officers of respondent corporation should not be required to give their depositions in Volusia County, the forum in which the corporate plaintiff instituted this action. The mere fact that respondent's corporate officers reside and transact their business in Dade County is not sufficient ground to justify deviation from the general rule. Certiorari is granted and that portion of the order which grants respondent's motion for protective order is quashed with directions that the motion be denied. In all other respects certiorari is denied.
RAWLS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Rule 4.2(a) F.A.R., 31 F.S.A.
[2] Boucher v. Pure Oil Company, (Fla.App. 1957) 101 So.2d 408.
[3] Winn Dixie Stores, Inc. v. Belcher, (Fla. App. 1962) 144 So.2d 863; Dade County, etc. v. Bosch, (Fla.App. 1961) 133 So.2d 578.
[4] Rule 1.24(a), F.R.C.P., 30 F.S.A.
[5] Rule 1.24(b), F.R.C.P., 30 F.S.A.
[6] Rule 1.34(d), F.R.C.P.
[7] 2A Barron and Holtzoff, Federal Practice and Procedure 50, § 644.
[8] Haviland & Co. v. Montgomery Ward & Co., (S.D.N.Y. 1962) 31 F.R.D. 578, 580.
[9] Irwin Co., Inc. v. Tide Pub. Co., (S.D.N.Y. 1952) 13 F.R.D. 18. See also Taejon Bristle Mfg. Co. v. Omnex Corp., (S.D.N.Y. 1953) 13 F.R.D. 448, 450; Solomon v. Teitelbaum, (E.D.N.Y. 1949) 9 F.R.D. 515.