CARROLL, DONALD, K., Acting Chief Judge.
The defendants in an automobile negligence action have filed a petition for a writ of certiorari seeking our review of an order entered by the Court of Record for Escambia County, holding among other things, that the plaintiff need not appear in the said county for the taking of his deposition until 72 hours before the trial of the cause.
The timetable of events pertinent to the present consideration are as follows:
On May 18, 1970, the plaintiff filed his complaint in the Court of Record of Es- *280 cambia County, Florida, seeking damages arising out of an automobile collision occurring in the said county, and the defendants filed their answer and counterclaim thereto on June 12, 1970. On July 10, 1970, the defendants first served their notice to take the deposition of the plaintiff in the office of the reporter of the said court in the said county scheduled for July 20, 1970. On March 22, 1971, the defendants served a second notice to take the said deposition at the same place on April 14, 1971. Neither of these depositions was taken however, because on April 2, 1971, the plaintiff filed in the cause a “motion to modify taking of deposition” which motion was substantially granted in the order appealed from herein. That order provides as follows:
“This cause having come on to be heard on Plaintiff’s Motion for a Protective Order, and it appearing to the Court from representations made by Plaintiff’s attorney that the Plaintiff was a resident of Escambia County, Florida, at the time of the collision sued upon herein; that Plaintiff is now a resident of the State of Wyoming and is employed in that state; and counsel for defendants having requested the Court to require Plaintiff to appear in Escambia County, Florida, for an oral deposition at least three weeks prior to the trial of this cause; it is
“ORDERED, ADJUDGED and DECREED that Plaintiff shall not be required to appear in Escambia County, Florida, for an oral deposition until at least 72 hours prior to the trial of this cause; that Defendants may take the discovery deposition of Plaintiff upon oral examination in the county of his present residence at any time, or defendants may serve written interrogatories upon Plaintiff.”
This order admirably reveals the court’s concern to protect the interests of both parties in the interpretation of the pre-trial discovery procedural rules.
In their appellate brief the defendants naturally stress the importance to the defense in any case to have the privilege of taking the oral deposition of the plaintiff as long in advance of the trial as possible in order for the defendants to prepare for trial. We recognize such importance, but we also recognize the need to protect the plaintiff from unnecessary harassment and from subjecting him to unnecessary travel-ling expense if he resides and works in a distant state. The record before us, however, is devoid of any suggestion that the defendants are taking any undue advantage of the plaintiff by seeking to take his oral deposition in Escambia County earlier than 72 hours before the trial.
It is our opinion that this case is controlled by our holding in Ormond Beach First Nat. Bank v. J. M. Montgomery Roofing Co., 189 So.2d 239 (Fla.App.1966).
In the last-mentioned case a corporation filed an action against a bank for damages for breach of contract in the Circuit Court for Volusia County, which court entered an interlocutory order directing the bank to produce certain documents requested by the corporation and ordering that the depositions of the corporate officers be taken only in the county where they resided and transacted business. The bank sought a review of the said order by certiorari. This court held that the order to produce certain documents was sufficiently certain to enable the bank to comply with the order, and the fact that the said corporate officers resided and transacted business in Dade County was not sufficient to show good cause why the officers should not be required to give depositions in Volusia County, where the corporation instituted the action. In the course of our opinion we said:
“Our rules of civil procedure relating to discovery proceedings are remedial in nature and should be liberally construed to the end that cases may be tried on the merits and a just conclusion attained. They should not be so applied, however, as to work an unjust hardship either on the parties to the cause, or on witnesses *281 who may be required to give their testimony on the facts in issue.
“Our rules of procedure provide that a person desiring to take the deposition of any person upon oral examination shall give reasonable notice of the time and place of taking. The rules further provide that upon motion seasonably made by any party or person served with notice of the taking of their deposition on oral examination, the court, for good cause shown, may order that the deposition be taken only at some designated place other than that stated in the notice, or make such other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression. A person, not a party to the action, may be required by subpoena to attend the hearing for the taking of his deposition. The rule provides, however, that under these circumstances such person may be required to attend an examination only in the county where he resides or is employed or transacts his business in person, or at such other convenient place as may be fixed by an order of court. It is not necessary, however, that a subpoena be issued to the officer or managing agent of a corporate party as a prerequisite to securing the attendance of such officer or agent for the giving of his deposition.

“This is not to say, however, that circumstances may not be shown which would justify the trial court in requiring that the deposition of a party be taken at some location other than the forum in which the action is pending. The motion for a protective order filed herein by respondent fails to show good cause why the officers of respondent corporation should not be required to give their depositions in Volusia County, the forum in which the corporate plaintiff instituted this action. The mere fact that respondent’s corporate officers reside and transact their business in Dade County is not sufficient ground to justify deviation from the general rule. Certiorari is granted and that portion of the order which grants respondent’s motion for protective order is quashed with directions that the motion be denied. In all other respects certiorari is denied.”
In the light of the foregoing decision, we think that in the case at bar the court erred in restricting the taking of the plaintiff’s deposition to the 72-hour period prior to the trial. Such a restriction presumptively limited the defendants’ ability to prepare for the trial. There is no showing in the record that by allowing the plaintiff’s deposition to be taken prior to the 72-hour period it would result in any annoyance, embarrassment, or oppression to the plaintiff. We hold, therefore, that in entering the said order the court departed from the essential requirements of the law, and so that order is quashed, and the cause is remanded for further proceedings consistent with the views hereinabove set forth.
Certiorari granted and order quashed.
RAWLS and JOHNSON, JJ., concur.