DOWNEY, Judge.
This is a petition for writ of certiorari filed by Lloyd and Bettie Cady to review an order of the trial court dated March 4,1976, requiring that all future depositions in the cause be held in Brevard County, the forum of this mortgage foreclosure action.
The briefs filed by counsel are of little assistance to the court in resolving the issue between the parties. In any event, it appears that Cadys’ counsel noticed opposing counsel that the depositions of various parties would be taken in Dade County on six different dates. Two days before the first deposition was scheduled counsel for one of said parties gave Cadys’ counsel oral notice that application would be made the next day for an order preventing the taking of one of said depositions in Dade County. Cadys’ counsel was unable to attend so he notified the judge to whom the case had been assigned that he could not attend because of the short notice and another commitment. The matter was heard by another judge and the order sought to be reviewed was entered in due course.
The Cadys contend here that 1) the notice was inadequate; 2) the case was not assigned to the judge who entered the order; and 3) the judge abused his discretion in refusing to allow the deposition of Dade County residents to be taken in Dade County.
The litigation in the trial court seeks foreclosure of a mortgage. Therefore a petition for writ of certiorari is not the proper vehicle to review that order. However, we shall treat this petition as in interlocutory appeal. Schonfeld v. Barrich Telephone Answering Service, Inc., 320 So.2d 30 (Fla. 3d DCA 1975).
We have reviewed the entire record furnished us and find the only reversible error to be the breadth of the order being reviewed. The court had the discretion to determine that under the circumstances of this case the deposition of the particular parties should be taken in Bre-vard County, the forum of the suit. However, for various reasons it may be more appropriate to take the depositions of other witnesses or parties in other counties or outside the state. We think those questions should be dealt with as they arise and not by a blanket prohibition restricting all future depositions to Brevard County.
The fact that the order was signed by the alternate of the judge in whose division the case was pending, or whether it had been signed by any other judge of the circuit, is of no consequence.
Finally, the notice of hearing was short, but the record does not demonstrate that it was not justifiably so. We would suggest that many of the complaints expressed by the Cadys could be obviated by the exercise of a modicum professional courtesy between counsel.
Accordingly, the order appealed from is affirmed in all respects except as to that portion thereof which pertains to all future depositions. We hereby modify the order under review by deleting therefrom the words “All future depositions, including” (set forth in the third line of the second *1024 paragraph of the order), and we affirm the order as modified.
MAGER, C. J., and CROSS, J., concur.