OPINION FOLLOWING REMAND FOR SUPPLEMENTAL PROCEEDINGS
SMITH, Judge.
As stated in our original opinion, Brown v. Brown, 440 So.2d 16 (Fla. 1st DCA 1983), the trial court modified a final judgment of dissolution of marriage by terminating an award of permanent, periodic alimony, but made no provision concerning retention of jurisdiction for the purpose of re-instituting alimony at a future date. As further stated in our original opinion, this court was in doubt whether the trial court actually addressed the question of retention of jurisdiction, or if the court did, whether the correct rule of law was applied. In order to obtain clarification on these issues, we temporarily relinquished jurisdiction to the trial court for a period of thirty days for further proceedings consistent with our opinion. By separate order, mandate with respect to the order appealed was withheld pending these supplemental proceedings in the trial court.
Unfortunately, at the time of our remand, the original trial judge was no longer in service as a circuit judge. Instead, the matter was brought on for hearing before another circuit judge of the same circuit, who entered an order modifying the order appealed by inserting a provision reserving jurisdiction for a future award of alimony upon a proper showing in event circumstances dictated such an award.
In briefs filed subsequent to the supplemental proceedings, appellee (husband) asserts that the order on supplemental proceedings should be reversed because consideration by a judge other than the original trial judge was not the type of consideration contemplated by this court’s orders, and for the further reason that the modification on supplemental proceedings was entered without a complete review of the record of the prior proceedings. We agree that the trial judge’s order retaining jurisdiction must be reversed because under the circumstances, the successor judge should have conducted a trial de novo on the issue of retention of jurisdiction. Delehant v. Delehant, 409 So.2d 213 (Fla. 4th DCA 1982); Dash v. Dash, 306 So.2d 543 (Fla. 3d DCA 1974); and see generally Courts and Judges, 13 Fla.Jur.2d, Section 230, page 356.
We wish to stress that in this instance, the successor judge should not be faulted for his failure to conduct a more extensive hearing on the issue of retention of jurisdiction. As noted previously, this court was unaware that the original trial judge would not be available to consider this question when it relinquished jurisdiction for a period of only thirty days. We recognize that thirty days did not give the parties or the successor judge enough time for a trial de novo, and we would not have placed this time constraint upon the trial judge had we known of these particular circumstances.
We are not unmindful that a trial de novo would be a considerable expense to the parties. Therefore, we point out that the parties may wish to stipulate to any portions of the original record which are relevant to a determination of this issue. Dash, supra at 545.
We adhere to our original opinion and decision filed October 26, 1983, except that portion temporarily relinquishing jurisdiction for determination of whether jurisdiction should be reserved for a future award of alimony. We hereby modify that portion of the opinion to reflect that insofar as the modification order which is the subject of our original opinion and decision fails to contain a reservation of jurisdiction for purposes of consideration of a future award of alimony, the same is reversed, and our prior order withholding issuance of mandate in this cause is discharged. The order of modification entered on supplemental proceedings is reversed, and this cause is remanded for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part in accordance with modification of original opinion and decision; order on supplemen *151 tal proceedings reversed, and the cause is remanded.
WENTWORTH and JOANOS, JJ., concur.