NIMMONS, Judge.
Appellant, former husband, appeals from an order denying his motion for protective order and compelling him to appear for a deposition in aid of execution. We affirm.
The parties were divorced in 1979 pursuant to a Maryland judgment. In 1981, pursuant to an action filed by the former husband in the Circuit Court in Duval County, the Maryland judgment was established as a Florida judgment. The former husband, a California resident, applied for and received from the lower court a modification of the final judgment reducing his child support payments and terminating his permanent periodic alimony payments.[1] However, judgment was entered against the former husband on the accumulated arrear-ages.
The former wife noticed a deposition in aid of execution, for which the former husband did not appear. She moved to compel the husband to appear in Duval County for the deposition. He moved for a protective order.[2] The court denied the motion for protective order and granted the motion to compel. This appeal followed.[3]
Appellant first argues that the trial court had no authority to compel him to appear for a deposition in aid of execution since it did not properly retain jurisdiction in the order modifying child support and alimony.[4] We find this argument without merit since the trial court had such authority even in the absence of any retention of jurisdiction. See Fla.R.Civ.P. 1.560. And a notice of taking deposition, in lieu of subpoena, was sufficient to require appellant’s attendance.
Appellant also argues that the wife is not entitled to require the former husband, a California resident, to appear in Florida, the forum state, for his deposition. We disagree. The regulation by the trial courts of depositions is largely a matter of the court’s sound discretion. City of Miami Beach v. Wolfe, 83 So.2d 774 (Fla.1955). The appellant was the plaintiff below and invoked the jurisdiction of the Florida courts. Although it has been held that a nonresident defendant who does not seek affirmative relief in the cause should not, absent extraordinary circumstances, be required to travel to the forum state to give a deposition, Godshall v. Hessen, 227 So.2d 506 (Fla. 3rd DCA 1969) and Madax International Corporation v. Delcher Intercontinental Moving Services, Inc., 342 So.2d 1082 (Fla. 2nd DCA 1977), a plaintiff, having invoked the jurisdiction of the forum state, may reasonably be required to appear there for the taking of his deposition.
Further, the fact that the deposition is sought in aid of execution, as opposed to discovery in connection with an unproved claim, lends additional support for the appealed order. See Largo Hospital Owners, LTD v. Gorman, supra.
AFFIRMED.
JOANOS and THOMPSON, JJ., concur.

. That order was the subject of an earlier appeal to this Court in Brown v. Brown, 440 So.2d 16 (Fla. 1st DCA 1983) (relinquishing jurisdiction) and Brown v. Brown, 453 So.2d 149 (Fla. 1st DCA 1984).

. The notice requested production of numerous documents. However, the former husband’s motion for protective order was directed solely to his duty to appear pursuant to the notice; no issue was raised directed to the list of documents which he was requested to produce at his deposition.

. The order denying motion for protective order is appealable. See Largo Hospital Owners LTD. v. Gorman, 408 So.2d 597 (Fla. 2nd DCA 1982).

. Appellant argues that although the trial court added a retention of jurisdiction clause into the order of modification after our remand in Brown, supra, 453 So.2d 149, such was outside the scope of the mandate issued by this court. As discussed infra, we need not reach this issue.