596 So.2d 1159 (1992)
PLANTATION-SIMON INC., an Indiana corporation, as general partner of Plantation Mall Developers Limited Partnership, an Indiana Limited Partnership, as General Partner of Fashion Mall at Plantation Associates, a Florida General Partnership, and General Partner of Plantation Center Limited Partnership, a Delaware Limited Partnership, Petitioner,
v.
Doured Al BAHLOUL, Respondent.
No. 91-2847.
District Court of Appeal of Florida, Fourth District.
April 1, 1992.
Joseph S. Beckman, Fort Lauderdale, for petitioner.
Dirk Lorenzen of Squire, Sanders & Dempsey, Miami, for respondent.
*1160 FARMER, Judge.
A wise man once said that an ounce of history is worth a pound of logic. Without knowing how it got that way, one might theoretically be able to read rule 1.310(b)(6), Florida Rules of Civil Procedure, to require that all depositions of corporations follow the procedure set forth in that subdivision of the rule.[1] The history of the rule, however, teaches otherwise.
The substance of rule 1.310(b)(6) was borrowed from a 1970 amendment to rule 30, Federal Rules of Civil Procedure. Before that amendment was adopted, a party desiring to take the deposition of an officer, director or managing agent of a corporate party was confronted with two alternatives. If he knew which officer-director-agent he wanted to question, he needed only to name the corporation and the officer in his notice and he could use the ordinary discovery rules to enforce compliance.
If he did not know the name of the officer, however, he often faced considerable difficulty. The federal courts had generally held that the examining party could not "burden" the corporation to name an officer having knowledge on the subject. As a consequence, a corporate party could frustrate the opposing party's discovery by simply playing "ping-pong" with him: the first official would disclaim knowledge, as would the second, and so on. It was to cure this problem that rule 30 was amended by the addition of what is now found in rule 30(b)(6), Federal Rules of Civil Procedure. See 8 Wright & Miller, Federal Practice and Procedure (Civil) § 2103 (1970 & Supp. 1991).
The Notes of the Advisory Committee on Rules contain the following explanation about the new designation procedure:
This procedure supplements the existing practice whereby the examining party designates the corporate official to be deposed. Thus, if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them. On the other hand, a court's decision whether to issue a protective order may take account of the availability and use made of the procedures provided in this subdivision.

The new procedure should be viewed as an added facility for discovery, one which may be advantageous to both sides as well as an improvement in the deposition process. It will reduce the difficulties not [sic-now?] encountered in determining, prior to the taking of a deposition, whether a particular employee or agent is a "managing agent." * * * It will curb the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it. * * * The provision should also assist organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge. Some courts have held that under the existing rules a corporation should not be burdened with choosing which person is to appear for it. E.g., United States v. Gahagan Dredging Corp., 24 F.R.D. 328, 329 (S.D.N.Y. 1958). This burden is not essentially different from that of answering interrogatories under Rule 33, and is in any case lighter than that of an examining party ignorant of who in the corporation has knowledge. [e.s.]
Florida essentially followed this pre-1970 amendment procedure. In Ormond Beach First National Bank v. J.M. Montgomery *1161 Roofing Co., 189 So.2d 239 (Fla. 1st DCA 1966), cert. denied, 200 So.2d 813 (Fla. 1967), the court observed:
It is not necessary, however, that a subpoena be issued to the officer or managing agent of a corporate party as a prerequisite to securing the attendance of such officer or agent for the giving of his deposition. [citing 2A Barron and Holtzoff, Federal Practice and Procedure § 644, at 50.]
189 So.2d at 242-43.
In amending our own rule 1.310 in 1972 to adopt the 1970 federal amendments to rule 30, our committee did not suggest that we were now rejecting this historical method of deposing corporate officers, directors and managing agents by simple notice to the corporate party. Rather, we also adopted, as did the drafters of the federal rule, the proviso that "[t]his subdivision does not preclude taking a deposition by any other procedure authorized in these rules." This proviso can only mean that what the court said in Ormond Beach First National Bank was to remain unaffected by the change in the rule.
The highlighted text in the committee note, above, also shows beyond question that the trial judge is given discretion to determine whether either party is misusing this discovery device. Thus, although a party is not required initially to follow the designation procedure, if the trial court finds that seriatim depositions of corporate officers has created a burden on the corporate party, the court is empowered to alleviate that burden in a proper case by, e.g., limiting the examining party to the designation procedure.
In this action to collect unpaid rent, the defendant tenant noticed the deposition of the landlord plaintiff by an officer, director or managing agent having knowledge of the matters in the complaint. He then served a second notice of deposition, this time noticing the deposition of one Herbert Simon. Petitioner's motion for a protective order describes Mr. Simon as the president of the corporate general partner of petitioner; and, it appears, he executed the lease on behalf of the landlord. The trial court denied a protective order, and then denied reconsideration of the matter. Petitioner now seeks our intercession by the extraordinary writ of certiorari.
There is nothing in the petition hinting at any abuse of discretion. Prominent are the usual arguments about the inconvenience and burden of having the corporation president travel down to Florida from Indiana for the proposed deposition, and the contention that he knows absolutely nothing about the subject matter of the action for rent, even though he signed the lease for the landlord. The only legal basis asserted for the protective order is that rule 1.310(b)(6) requires that the partnership decide for itself which officer, director or managing agent will testify for it and that defendant (respondent here) cannot require the attendance of an expressly named officer, director or managing agent unilaterally chosen by him. There is no suggestion, however, that defendant has engaged in a series of fruitless depositions of partnership officials to annoy or harass the plaintiff. Considering, for the moment, only the exercise of discretion, no error has been shown, much less any departure from the essential requirements of the law. See Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla. 1980).
The partnership argues that it was entitled to the protective order as a matter of right by our decision in Anderson Investments Co. v. Lynch, 540 So.2d 832 (Fla. 4th DCA 1988). In that case, we treated a petition for prohibition as one for certiorari and quashed a trial court order finding a witness in contempt of court for failing to appear at a deposition. The party seeking the writ was a partnership. The witness's relationship, if any, to the partnership is not stated in the opinion. The witness was named in the notice, but no subpoena was ever served on the witness.
It is obvious that petitioner has simply misread Anderson Investments. Our opinion merely stands for the unremarkable proposition that no court can punish a witness for nonattendance at a deposition where no subpoena has ever been served on the witness. Nothing we said there can *1162 remotely be interpreted to hold that a party cannot name an officer, director or managing agent of an organizational party for a deposition and compel his attendance by simple notice.
Our own research has also brought to our attention West Stuart Acreage Inc. v. Hannett, 427 So.2d 323 (Fla. 4th DCA 1983), where we confronted a discovery order requiring a corporate president to attend his deposition. The president had been named individually in the foreclosure action as a co-defendant with his corporation, but he had not been served. The penalty for his non-appearance was that the corporation's pleadings would be stricken and a default entered against it.
We denied certiorari because the error could be taken up on plenary appeal and cured then. In so doing, we said that a deposition of a corporate officer, etc., could be taken by service of process upon him. That statement is certainly true. But we did not mean to intimate, however, that where the corporation is already a party to the action a corporate officer's deposition could be taken only by serving him with a subpoena. Our primary concern was that the officer was formally named as a party to that action, but service of process had not been made on him and the deposition of him without such service might be misinterpreted.
We have taken the trouble to write on what might appear to be a routine denial of extraordinary review of a pretrial order only to remove any misapprehension of previous decisions of this court. Clearly, a party has the right to take a deposition of an officer, director or managing agent of a corporation or partnership or government agency, already named and served as a party, by simple notice and without the necessity of serving the official with a witness subpoena. To hold otherwise would allow a virtual return to the very pre-1970 game of corporate ping-pong that the amendment was designed to end. We deny the petition for certiorari.
PETITION FOR CERTIORARI DENIED.
LETTS and HERSEY, JJ., concur.
NOTES
[1] The current text of this subdivision is as follows:

(6) In his notice a party may name as the deponent a public or private corporation or a partnership or association of governmental agency and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated shall testify about matters known or reasonably available to the organization. This subdivision does not preclude taking a deposition by any other procedure authorized in these rules. [e.s.]