705 So.2d 112 (1998)
CHIQUITA INTERNATIONAL LIMITED, Petitioner,
v.
FRESH DEL MONTE PRODUCE, N.V., Del Monte Fresh Produce International, Inc., Del Monte Fresh Produce Company, and Del Monte Fresh Produce, Inc. (Japan Branch), Respondents.
No. 97-2342.
District Court of Appeal of Florida, Third District.
January 21, 1998.
Kaye, Scholer, Fierman, Hayes & Handler and Myron Kirschbaum, New York City; Kluger, Peretz, Kaplan & Berlin, Miami, for petitioner.
Stack, Fernandez & Anderson and Brian J. Stack, Miami; Steel Hector & Davis, Miami, for respondents.
Before NESBITT, COPE and FLETCHER, JJ.
PER CURIAM.
Florida Rule of Civil Procedure 1.310(b) provides for depositions upon oral examination, and explains in pertinent part:
(6) In the notice a party may name as the deponent a public or private corporation, a partnership or association, or a governmental agency, and designate with reasonable particularity the matters on which examination is requested. The organization *113 so named shall designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated shall testify about matters known or reasonably available to the organization. This subdivision does not preclude taking a deposition by any other procedure authorized in these rules.
In the instant case, respondent correctly argues that by naming a particular corporate employee, and also by failing to designate with reasonable particularity the matters on which examination was being requested, the petitioner failed to comply with Rule 1.310(b)(6). Under this rule, it is the defendant corporation which designates the representative employee. If the corporate employee chosen in response to the appropriate motion fails to give the information requested and identifies another corporate employee as a potential material witness, then plaintiff may apply to the trial court to compel the deposition of the proper designee. See Medero v. Florida Power & Light Co., 658 So.2d 566, 567 (Fla. 3d DCA 1995) (concluding relief by way of certiorari available upon finding that trial court lacked good cause to deny deposition after executive was identified in other discovery as potential material witness).
Accordingly, we deny certiorari review without prejudice to petitioner proceeding under the Rule 1.310(b)(6), as outlined above.