817 So.2d 1033 (2002)
LOGITECH CARGO, U.S.A., CORP., Petitioner,
v.
JW PERRY, INC., and Lan Chile Airlines, Respondents.
No. 3D02-201.
District Court of Appeal of Florida, Third District.
June 5, 2002.
*1034 Law Office of Warren P. Gammill, and Warren P. Gammill, Miami, for petitioner.
Hayt, Hayt & Landau, and Robert J. Orovitz; Celestino Pena & Associates, and Aleida Martinez Molina, Miami, for respondent.
Before GREEN, SHEVIN, and RAMIREZ, JJ.
RAMIREZ, J.
This is a petition for writ of certiorari in which Logitech Cargo U.S.A. Corp., the defendant below, seeks to quash a protective order preventing it from taking the deposition of the corporate representatives of the plaintiffs unless it first subpoenas these officers and travels to Wisconsin, where Logitech is not seeking any affirmative relief. We grant the petition.
We have granted certiorari on numerous occasions under similar circumstances. See Fortune Ins. Co. v. Santelli, 621 So.2d 546, 547-48 (Fla. 3d DCA 1993) (quashing an order denying defendant's motion for protective order and requiring it to produce its corporate representative for deposition in Dade County, where the defendant was not seeking any affirmative relief); Teledyne Indus., Inc. v. Mustang Ranch Aircraft, Inc., 753 So.2d 785 (Fla. 3d DCA 2000); Aero Costa Rica, Inc. v. Dispatch Servs., Inc., 710 So.2d 218 (Fla. 3d DCA 1998); United Teachers Assocs. Ins. Co. v. Vanwinkle, 657 So.2d 1232 (Fla. 3d DCA 1995); Patterson v. Venne, 594 So.2d 331 (Fla. 3d DCA 1992). Other districts have likewise granted writs of certiorari when the trial court has ordered that depositions take place at an erroneous location. See Ayer v. Bush, 696 So.2d 1333 (Fla. 4th DCA 1997); Tsutras v. Duhe, 685 So.2d 979, 981 (Fla. 5th DCA 1997) (quashing an order on the location of a defense medical examination); Donahoo v. Matthews, 660 So.2d 391 (Fla. 5th DCA 1995); Cady v. Laws, 341 So.2d 1022 (Fla. 4th DCA 1977).
We conclude that the trial court's order "does not conform to essential requirements *1035 of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate." Ormond Beach First Nat'l Bank v. J.M. Montgomery Roofing Co., 189 So.2d 239, 241 (Fla. 1st DCA 1966). As we stated in Fortune Ins. Co., 621 So.2d at 547, "[a] plaintiff is generally required to be deposed in the forum where the action is pending." In the present case, the plaintiffs had to bring their litigation in this forum because they could not obtain personal jurisdiction over the defendant in Wisconsin, but now seek to force it to travel great distances to avail itself of its right to discovery. The whole point of our jurisdiction and venue laws is not to hale defendants into foreign jurisdictions where they are not seeking affirmative relief.
Respondents have not presented any support for the trial court's order except to cite Florida Rule of Civil Procedure 1.280(c). This rule gives the trial court discretion to grant protective orders "for good cause shown ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires." The only grounds advanced by the plaintiffs is that the persons sought to be deposed "reside strictly in Wisconsin and that all of the information is located in Wisconsin." The same, however, could be said for any plaintiff. We do not know that the defendant can even afford to send its attorney to Wisconsin to obtain discovery. If it cannot, the plaintiffs have received an unfair advantage.
The trial court has also ordered Logitech to subpoena the witnesses before they are required to appear for deposition. Logitech correctly argues that officers, directors, and the managing agent of a party, or a party's corporate representative designated under Florida Rule of Civil Procedure 1.310(b)(6), must appear for deposition upon a simple notice of taking of deposition. In their response to the petition, the respondents have not even addressed this issue.
We therefore grant the petition and quash the order under review. As the amount in controversy is only $21,000.00, the trial court, in its discretion, may wish to order that the depositions be conducted by telephone or by video.
SHEVIN, J., concurs.
GREEN, J., (dissenting).
I respectfully dissent because I do not believe that this case meets the requirements for certiorari jurisdiction. As the First District provided long ago:
[t]his type of order may, ..., be reviewed by certiorari under exceptional circumstances, such as where it clearly appears that the trial court has acted without or in excess of its jurisdiction, or the order does not conform to essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate. Certiorari had been held to be the proper method of reviewing an interlocutory order entered in connection with discovery proceedings, if the effect of the order meets the test above stated. (footnotes omitted).
Ormond Beach 1st Nat'l Bank v. J.M. Montgomery Roofing Co., 189 So.2d 239 (Fla. 1st DCA 1966).
The order here does not clearly show that the trial court exceeded its jurisdiction. The order also fails to violate an essential requirement of law that would cause irreparable harm.
Accordingly, I would deny the petition.