PER CURIAM.
Petitioners seek certiorari review of the trial court’s order granting appellee Dietmar Slonek’s motion for protective order and requiring petitioners to travel to Germany to take Slonek’s deposition.[1] Concluding that the trial court properly granted Slonek’s motion for protective order, we deny the petition.
Petitioners, defendants below, filed their notice of taking the deposition of Dietmar Slonek, a resident of Germany, and requested his appearance in Orlando, Florida for that purpose. Slonek filed a motion for protective order alleging, among other things, that: 1) he is a citizen of Germany and resides in Germany; 2) he is not a party to the action; and 3) requiring him to travel to Orlando would constitute an undue burden and expense. The trial court granted the motion for protective order. Petitioners challenge this ruling arguing that Slonek’s request for a protective order should have been denied because Slonek was either a current or former officer of the plaintiff corporations.
Normally, officers of a plaintiff corporation are required to attend a properly noticed deposition in the forum where the action is pending. See Ormond Beach First Nat’l Bank v. J.M. Montgomery Roofing Co., 189 So.2d 239 (Fla. 1st DCA 1966), cert. denied, 200 So.2d 813 (Fla.1967). Here, however, petitioners failed to designate Slonek as a corporate officer by either noticing the deposition of a corporation through Slonek, or identifying Slonek in the notice of taking deposition as an officer, director, or managing agent of either of the plaintiff corporations. Having failed to do so, neither of the plaintiff corporations filed a motion for protective order directed to the deposition; only Slo-nek in his individual capacity filed such a motion. On this record, it was not error for the trial court to grant Slonek’s motion for protective order. Accordingly, the petition for certiorari is denied, without prejudice to petitioners properly noticing a deposition of a party plaintiff.
PETITION DENIED.
PETERSON, PALMER and TORPY, JJ., concur.

. Certiorari review is available to review tried court orders requiring that depositions take place at an erroneous location. See Donahoo v. Matthews, 660 So.2d 391 (Fla. 5th DCA 1995) (granting certiorari and correcting order requiring defendants to travel from Duval County to Putnam County for deposition). Accord Logitech Cargo, U.S.A., Corp. v. JW Perry, Inc., 817 So.2d 1033 (Fla. 3d DCA 2002); Teledyne Indus., Inc. v. Mustang Ranch Aircraft, Inc., 753 So.2d 785 (Fla. 3d DCA 2000); Ayer v. Bush, 696 So.2d 1333 (Fla. 4th DCA 1997); Fortune Ins. Co. v. Santelli, 621 So.2d 546 (Fla. 3d DCA 1993); Cady v. Laws, 341 So.2d 1022 (Fla. 4th DCA 1977).