OSTERHAUS, J.
The Florida Highway Patrol (FHP) seeks certiorari review of a protective order that permits the plaintiff-respondent Jorge Bejarano to be deposed by video conference from California, where he now lives. Because the order comports with the discretion afforded trial courts by the rules of civil procedure and does not give rise to an irreparable harm, we deny FHP’s petition.
I.
Mr. Bejarano filed a lawsuit after allegedly being struck by an FHP vehicle while walking alongside State Road 20 in Oka-loosa County. At the time of the accident, Mr. Bejarano was an active duty United States Marine stationed nearby. But after filing suit against FHP in Okaloosa County, Mr. Bejarano was transferred to Camp Pendleton, California, some 2050 miles away. The time came when FHP sought to depose Mr. Bejarano. It set an in-person deposition in Fort Walton Beach, Florida, on November 13, 2013. After receiving the notice, Mr. Bejarano responded with a motion for protective order. In his motion, Mr. Bejarano requested to appear for his deposition via video conference that he would arrange and pay for, in order to limit work-related hardships and the time and expense of travelling back to Florida’s Panhandle. His motion cited Florida Rule of Civil Procedure 1.280(c) and attached an affidavit and two exhibits purporting to establish “good cause” for his request.
FHP opposed the motion, filed its own motion to compel, and argued at a hearing against allowing the deposition by video conference. But the trial court ultimately granted Mr. Bejarano’s motion pursuant to its authority under Rule 1.280 to spare parties from undue discovery burdens and expense. It gave three reasons for its decision: the travel distance from California to Okaloosa County; Mr. Bejarano’s active duty service in the Marines and involuntary transfer to California; and his willingness to pay the costs of the video conference and recording of the deposition. And it reserved jurisdiction to determine whether the deposition’s reporting and video are of sufficient quality; whether Mr. Bejarano ultimately would be required to appear in Florida before trial for an in-person deposition; and whether either party could ultimately use the video deposition for any purpose.
After the order was rendered, FHP filed a timely petition for writ of certiorari with this court.
*621 ii.
Florida’s district courts have a history of affording relief from erroneous deposition-related orders by way of certiorari. See, e.g., CVS Caremark Corp. v. Latour, 109 So.3d 1232,1234 (Fla. 1st DCA 2013); Triple Fish Am., Inc. v. Triple Fish Int’l, L.C., 839 So.2d 913, 914 n. 1 (Fla. 5th DCA 2003). To get relief, we have said that a petitioner must establish two things: that the challenged order will cause irreparable harm (a threshold matter which also establishes whether this Court has jurisdiction); and that the challenged order departs from the essential requirements of law. Latour, 109 So.3d at 1234-35.
A.
The irreparable harm prong can be satisfied by showing that an order will cause “material injury that cannot be remedied on appeal.” Id. at 1234 (citing
Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., L.L.C., 99 So.3d 450, 454-55 (Fla.2012)). Our court and others have found “material injury” in circumstances similar to this one where trial courts have ordered depositions to proceed in erroneous locations. See id. at 1236 (quashing an order requiring a defendant’s representative to travel from Orange to Flagler County — where the case was pending — for a deposition); Logitech Cargo, U.S.A, Corp. v. JW Perry, Inc., 817 So.2d 1033, 1034-35 (Fla. 3d DCA 2002) (quashing a protective order requiring a Florida defendant to travel to Wisconsin to depose a plaintiff); Ormond Beach First Nat’l Bank v. J.M. Montgomery Roofing Co., 189 So.2d 239, 243 (Fla. 1st DCA 1966) (quashing an order requiring defendants to travel outside of the Volusia County forum to Dade County to take depositions of a plaintiffs corporate officers).
But the potential harm in those cases differs from this ease in two important ways. Here, the trial court (1) has not ordered anyone to travel anywhere, and (2) has retained explicit authority to nullify Mr. Bejarano’s video deposition if it cannot be satisfactorily completed. This case would be different if Mr. Bejarano were attempting to require FHP to travel to California to depose him. But unlike in Ormond Beach, Latour, and Logitech, the trial court is not requiring anyone to travel anywhere for Mr. Bejarano’s deposition. FHP may conduct the deposition in this case from its choice of locale, using a video conferencing company of its own choosing, and Mr. Bejarano is going to bear the expense.
Moreover, the trial court “reserve[d] jurisdiction” to resolve whether the quality of the reporting and video services are sufficient; whether Mr. Bejarano ultimately will be required to appear for a face-to-face deposition in Florida; and to whether the parties ultimately “may use the deposition for any purposes.” Because of the trial court’s express reservation and explicit contemplation of a “do over” if the video deposition doesn’t work, we cannot conclude at this juncture that the protective order will cause material harm.
B.
But even if irreparable harm was demonstrated, the trial court’s order does not violate the essential requirements of law. In fact, the order comports with the discretionary authority granted to trial courts to administer the discovery process by the rules of civil procedure.
We certainly understand the logic of FHP’s argument. It is absolutely correct that ‘“[a] plaintiff is generally required to be deposed in the forum where the action is pending.’ ” Logitech, 817 So.2d at 1035 (quoting Fortune Ins. Co. v. Santelli, 621 So.2d 546, 547 (Fla. 3d DCA
*622 1993)); see also Bob Hilson & Co. v. Garcia, 985 So.2d 1176, 1176-77 (Fla. 3d DCA 2008); Chittick v. E. Air Lines, Inc., 403 So.2d 595, 597 (Fla. 1st DCA 1981); Ormond Beach, 189 So.2d at 243. After all, because Mr. Bejarano chose to file a lawsuit in Florida, it stands to reason that he “may reasonably be required to appear there for the taking of his deposition.” Brown v. Brovm, 500 So.2d 655, 656 (Fla. 1st DCA 1986). But the law is not absolute on this point. Instead it gives “the trial court discretion to grant protective orders ‘for good cause shown ... to protect a party [... ] from undue burden or expense.’ ” Logitech, 817 So.2d at 1035 (quoting Fla. R. Civ. P. 1.280(c)).
Citing Rule 1.280(c), the trial court decided to change the “method of discovery [from] that selected by the party seeking discovery” citing the burden and expense to Mr. Bejarano of having to travel back to Florida for his deposition. It gave three cogent reasons for its decision: (1) the distance from California to Okaloosa County; (2) Mr. Bejarano’s military service constraints (he didn’t leave the forum in bad faith)[1]; and (3) Mr. Bejarano’s offer to pay the costs of a deposition by video conference. At the same time, the trial court reserved jurisdiction to scuttle the video accommodation if it ultimately doesn’t work out (as discussed above).[2]
We recognize FHP’s point of view that the factors identified by the court aren’t sufficient to establish good cause for accommodating Mr. Bejarano. And that his travelling back to Florida for the deposition is not completely prohibitive for him time- or cost-wise. See, e.g., Brown, 500 So.2d 655 (requiring a California resident to return for his deposition; but highlighting that the deposition was in aid of execution, not in connection with an unproven claim). But, in the end, trial courts enjoy “broad discretion in the treatment of discovery problems through the employment of the protective provisions contemplated by Rule 1.280.” Waite v. Wellington Boats, Inc., 459 So.2d 425, 426 (Fla. 1st DCA 1984). See also Brown, 500 So.2d at 656 (“The regulation by the trial courts of depositions is largely a matter of the court’s sound discretion.”). And, here, we cannot conclude that the trial court abused its Rule 1.280(c)-based discretion by accommodating Mr. Bejarano’s request for a video conference deposition, while holding out the possibility of a face-to-face deposition at a later date.
III.
For these reasons, we DENY the petition.
ROBERTS and WETHERELL, JJ., concur.

. FHP asserts that Mr. Bejarano presented no evidence that his transfer to Camp Pendleton was "involuntary.” But this argument is not preserved. FHP failed to object below either to the characterization by Mr. Bejarano's attorney, or to the trial court's oral finding that the transfer was "involuntary.” See First Call Ventures, LLC v. Nationwide Relocation Servs., Inc., 127 So.3d 691, 693 (Fla. 4th DCA 2013) ("Generally, a petitioner cannot raise in a petition for writ of certiorari a ground that was not raised below.”).

. We note that Florida Rule of Civil Procedure 1.310(b)(7) gives trial courts leeway to "order that the testimony at a deposition be taken by telephone.” See Logitech, 817 So.2d at 1035 (recognizing the trial court’s "discretion” to order depositions of out-of-state parties "by telephone or by video”).