DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PHILADELPHIA INDEMNITY INSURANCE COMPANY,**
Appellant,

v.

**DONALD CARLTON,**
Appellee.

No. 4D14-3040

[January 7, 2015]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez-Powell, Judge; L.T. Case No. CACE 14-004556 03.

John H. Richards and William E. Peters, Jr. of Boyd Richards Parker & Colonnelli, P.L., Fort Lauderdale, for petitioner.

Dean T. Xenick and J. Chris Bristow of Critton, Luttier & Coleman LLP, West Palm Beach, for respondent.

PER CURIAM.

Philadelphia Indemnity Insurance Company ("Philadelphia") seeks certiorari review of a non-final order which denied its motion for a protective order and required an individual who resides and works in Pennsylvania to be deposed in Broward County. We grant the petition.

In 2008, Donald Carlton applied for insurance on a collectible vehicle with Grundy Worldwide Collector Vehicle Program ("Grundy Worldwide"), a division of Philadelphia Insurance Companies. Philadelphia issued the policy. The vehicle allegedly was stolen in 2013, while a policy between Carlton and Philadelphia continued to be in effect. Carlton filed a claim for the loss, but Philadelphia rescinded the policy *ab initio* and filed a petition for a declaratory judgment in the circuit court in Broward County that it had no duty to provide coverage. Within the petition, it described Grundy Worldwide as its subsidiary.

In the course of discovery, Carlton noticed the deposition of an individual, Doug Hostvedt, to be taken in Broward County, Florida.

Philadelphia moved for a protective order based on Florida Rule of Civil Procedure 1.410(e)(2), which provides, "A person may be required to attend an examination only in the county wherein the person resides or is employed or transacts business in person or at such other convenient place as may be fixed by an order of court." It explained that Hostvedt was not Philadelphia's employee, but was Vice President of "Grundy Insurance," and that he resides and is employed in Pennsylvania.

Carlton responded that in 2009, Hostvedt attended a show in Boca Raton, Florida, in which Carlton's vehicle was displayed. At the show, Hostvedt identified himself as a vice president of Grundy Worldwide, gave Carlton a business card to that effect (a copy of which Carlton attached), solicited Carlton to continue his insurance coverage with Grundy Worldwide, and discussed with Carlton and his son how they might obtain an increase in the coverage limit. They followed his instructions, and Grundy Worldwide increased the coverage.

Carlton explained he sought to depose Philadelphia's corporate officer in the forum in which Philadelphia chose to litigate, citing *Ormond Beach First National Bank v. J.M. Montgomery Roofing Co.*, 189 So. 2d 239, 243 (Fla. 1st DCA 1966). In that case, the court held that, pursuant to the general rule that plaintiffs are required to give their depositions in the forum where the action is pending, a corporate plaintiff's officers or managing agents generally may be deposed in the county where the corporation instituted its action, though they reside and transact business in another. *Id.* For purposes of the instant action, he argued, Philadelphia and Grundy Worldwide were the same.

At the hearing on the motion, Philadelphia represented that Hostvedt was not its employee; instead, he was the employee of a closely related but wholly separate corporation, James A. Grundy Agency, which does not deal with specialty automobiles.[1] The trial court denied Philadelphia's motion for protective order, and the instant petition followed.

We grant the petition. Neither Hostvedt, James A. Grundy Agency, nor Grundy Worldwide is a party to the underlying lawsuit, which was filed against Carlton by Philadelphia. "The party seeking to take the deposition bears the burden of establishing the capacity of the employee sought to be examined." *Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-60798-CIV, 2012 WL 6205044, at *1 (S.D. Fla. Dec. 12, 2012) (citing *Margel v. E.F.L. Gem Lab Ltd.*, No. 04 Civ. 1514, 2008 WL 2224288, at *8 (S.D.N.Y. May

---

[1] "JAMES A. GRUNDY AGENCY, INC." appears as the name of the submitting brokerage on Carlton's application for his policy from Grundy Worldwide.

2

29, 2008)). Here, Carlton failed to demonstrate that Hostvedt was an officer, director, or managing agent of the petitioning corporation—Philadelphia—so as to fall within *Ormond Beach First National Bank*. Accordingly, Rule 1.410(e)(2) applies and Hostvedt cannot be required to attend a deposition in Broward County, Florida, but is entitled to be subpoenaed for deposition where he resides, is employed, or transacts business. The trial court departed from the essential requirements of law when it denied Philadelphia's motion for protective order. We therefore quash the trial court's order.

*Petition Granted.*

WARNER, TAYLOR and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3