NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SYBAC SOLAR, GMBH, f/k/a SYBAC )
SOLAR, AG, a Foreign Corporation, )
    )
    Petitioner, )
    )
v.     )   Case No. 2D16-2624
    )
6th STREET SOLAR ENERGY PARK )
OF GAINESVILLE, LLC, )
    )
    Respondent. )
_____)

Opinion filed April 5, 2017.

Petition for Writ of Certiorari to the
Circuit Court of Polk County, Keith P.
Spoto, Judge.

Michael M. Brownlee and J. Brock
McClane of Fisher Rushmer, P.A., Orlando,
and John H. Adams, Cecily M. Welsh, and
Alan Bookman, of Emmanuel Sheppard &
Condon, Pensacola, for Petitioner.

Daniel A. Fox and Benjamin W. Hardin, Jr.,
of Hardin & Ball, P.A., Lakeland, for
Respondent.


SILBERMAN, Judge.

       Sybac Solar, GMBH, seeks certiorari review of an order granting a motion

to compel deposition filed by 6th Street Solar Energy Park of Gainesville, LLC. 6th

Street sought to depose Christian Rautenberg as Sybac's corporate representative in furtherance of 6th Street's counterclaim for defamation against Sybac based on Rautenberg's alleged statements. We conclude that it was a departure from the essential requirements of the law to require Rautenberg to testify as Sybac's corporate representative regarding matters on which the two have adverse interests. Accordingly, we grant the petition.

In December 2012, Sybac filed a complaint against 6th Street to recover approximately $6 million Sybac allegedly loaned 6th Street to develop a solar power plant in Gainesville. In April 2015, 6th Street served a notice of deposition on Sybac seeking to depose a corporate representative pursuant to Florida Rule of Civil Procedure 1.310(b)(6) (2011). Sybac produced two representatives, Konstantin Sassen and Laura Tyson, who testified for over two days. 6th Street then noticed Rautenberg for deposition as a corporate representative. In November 2015, Rautenberg testified as the corporate representative but on advice of counsel refused to answer any questions pertaining to a meeting held on December 20, 2013. Statements Rautenberg allegedly made at this meeting are the subject of a separate defamation action filed by one of 6th Street's founding partners against Rautenberg individually and against Sybac for vicarious liability.

In December 2015, 6th Street filed an amended counterclaim in this case adding a defamation count against Sybac in which it asserted that Rautenberg made the alleged defamatory statements on December 20, 2013, as an agent of Sybac. Sybac answered the counterclaim and filed affirmative defenses. Among other things, Sybac asserted that it did not approve the December 20, 2013, meeting; that it did not

ratify any statements Rautenberg made at the meeting; and that Rautenberg was not acting as Sybac's agent when he allegedly made the defamatory statements.

6th Street filed a motion to compel in which it requested, among other things, that Rautenberg be compelled to give a deposition as corporate representative of Sybac and answer deposition questions regarding the December 20, 2013, meeting. After a hearing in April 2016, the trial court granted the motion to compel, ordered Rautenberg to appear for a continued deposition as Sybac's corporate representative, and required Rautenberg to answer "[a]ll questions in any way concerning" the December 20, 2013, meeting. This petition for certiorari followed.

To be entitled to certiorari relief, "[a] petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." Barker v. Barker, 909 So. 2d 333, 336 (Fla. 2d DCA 2005) (quoting Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 648 (Fla. 2d DCA 1995)). The last two elements are jurisdictional and must be addressed before this court can reach the merits of the petition. Id.

Generally speaking, orders compelling depositions often result in material injury that cannot be corrected on appeal, or irreparable harm, because once the information is released, any damage cannot be undone. Univ. of W. Fla. Bd. of Trs. v. Habegger, 125 So. 3d 323, 325 (Fla. 1st DCA 2013); Horne v. Sch. Bd. of Miami-Dade Cty., 901 So. 2d 238, 240 (Fla. 1st DCA 2005). This case involves irreparable harm arising from the intended use of Rautenberg's deposition testimony as Sybac's corporate representative to bind Sybac. See Carriage Hills Condo., Inc. v. JBH Roofing

- 3 -

& Constructors, Inc., 109 So. 3d 329, 335 (Fla. 4th DCA 2013) ("When a Rule 1.310(b)(6) deposition is properly noticed and conducted, the testimony of the designee 'is deemed to be the testimony of the corporation itself.' " (quoting State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc., 250 F.R.D. 203, 212 (E.D. Pa. 2008))).

On the merits, Sybac argues that the circuit court departed from the essential requirements of the law by failing to apply "the plain and unambiguous language" of rule 1.310(b)(6) granting a corporation the sole authority to designate its corporate representative. Sybac claims that rule 1.310(b)(6) does not authorize the deposing party to unilaterally name a person to testify on behalf of the corporation, especially when that person has adverse interests to the corporation.

Rule 1.310(b)(6) circumscribes the procedure for noticing the deposition of a corporation as follows:

> In the notice a party may name as the deponent a public or private corporation, a partnership or association, or a governmental agency, and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to do so, to testify on its behalf and may state the matters on which each person designated will testify. The persons so designated shall testify about matters known or reasonably available to the organization. This subdivision does not preclude taking a deposition by any other procedure authorized in these rules.

(Emphasis added.) The substance of this rule was taken from an amendment to Federal Rule of Civil Procedure 30(b)(6), which is rule 1.310(b)(6)'s federal counterpart. Carriage Hills, 109 So. 3d at 334. Under these rules, the party seeking to depose a witness must describe the subject for examination with reasonable particularity. The corporation must then produce a witness to testify regarding this subject matter. Id.

- 4 -

The corporation is not required to designate "the witness with the 'most knowledge' " of the designated subject matter; indeed the witness is not required to have any personal knowledge whatsoever. Id. And there may be a good reason why a corporation does not produce the most knowledgeable witness for deposition. Id. at 335. For example, the person with the greatest knowledge of the subject matter "may not totally embrace the corporation's position." Id. Instead, the corporation is required to prepare the designated witness to testify regarding the designated subject matter. Id. at 334. The rule thus "streamlines the discovery process and gives the corporation being deposed more control by permitting it to select and prepare a witness to testify on its behalf." Id. at 335.

That said, the corporation does not have sole control over which of its corporate officials may be deposed. See Racetrac Petroleum, Inc. v. Sewell, 150 So. 3d 1247, 1252 (Fla. 3d DCA 2014); Plantation-Simon, Inc. v. Bahloul, 596 So. 2d 1159, 1160-61 (Fla. 4th DCA 1992). Rule 1.310(b)(6) expressly states that the procedures therein are not exclusive: "This subdivision does not preclude taking a deposition by any other procedure authorized in these rules." As further explained in the committee notes to rule 1.310(b)(6)'s federal counterpart:

> This procedure *supplements* the existing practice whereby the examining party designates the corporate official to be deposed. Thus, if the examining party believes that certain officials who have not testified pursuant to this subdivision have added information, he may depose them. On the other hand, *a court's decision whether to issue a protective order may take account of the availability and use made of the procedures provided in this subdivision*.

Plantation-Simon, 596 So. 2d at 1160 (quoting Fed. R. Civ. P. 30(b)(6) advisory committee's note to 1970 amendment).

Therefore, even though a corporation has the sole responsibility for choosing its corporate representative under rule 1.310(b)(6), the deposing party is not necessarily limited to deposing only that witness. Racetrac Petroleum, 150 So. 3d at 1252; Plantation-Simon, 596 So. 2d at 1161. But the deposing party does not have the unilateral authority to select the corporate representative who shall testify on behalf of the corporation. Racetrac Petroleum, 150 So. 3d at 1252; Chiquita Int'l Ltd. v. Fresh Del Monte Produce, N.V., 705 So. 2d 112, 113 (Fla. 3d DCA 1998); Plantation-Simon, 596 So. 2d at 1161. Instead, the deposing party's request to depose a specific corporate representative is subject to the circuit court's discretion to issue a protective order. Racetrac Petroleum, 150 So. 3d at 1252; Plantation-Simon, 596 So. 2d at 1161-62.

Accordingly, the trial court was not bound by Sybac's selection of Sassen and Tyson as Sybac's corporate representatives or 6th Street's request to depose Rautenberg as Sybac's corporate representative. Instead, the trial court should have considered whether, as argued by Sybac, Rautenberg's interests were so adverse to Sybac's that he would not be an appropriate corporate spokesperson. Based on Sybac's defense to 6th Street's defamation counterclaim, Rautenberg's interests appear to be directly adverse to those of Sybac, and he was therefore an inappropriate spokesperson for the corporation. See Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (denying a motion to compel the deposition of a named corporate representative because he was accused of sexual harassment and discrimination and it was in his interest to argue that he acted in the course and scope of his employment while it was in the employer's interest to argue he was not).

We conclude that it was a departure from the essential requirements of the law for the circuit court to require Rautenberg to testify as Sybac's corporate representative regarding matters on which the two have adverse interests. Accordingly, we grant the petition for certiorari and quash that portion of the order requiring Rautenberg to answer "[a]ll questions in any way concerning" the December 20, 2013, meeting as a corporate representative. In so doing, we note that 6th Street is not precluded from noticing the deposition of a different corporate representative in furtherance of the defamation counterclaim or from noticing the deposition of Rautenberg in his individual capacity.

Petition granted; order quashed in part.

SLEET and BADALAMENTI, JJ., Concur.