306 So.2d 543 (1974)
Philip DASH, Appellant,
v.
Judy Pearl DASH, Appellee.
No. 74-1052.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Rehearing Denied February 4, 1975.
*544 Horton, Perse & Ginsberg, Miami, for appellant.
Shirley Woolf, Milton Grusmark, Miami Beach, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is the second time this case has appeared before us. In our previous opinion, at 284 So.2d 407, we set forth the facts in some detail.
In the earlier case, appealed by Mrs. Dash, we reversed an award of rehabilitative alimony to the wife, determining essentially that Mrs. Dash was not a proper subject for rehabilitative alimony.
The cause was remanded to the trial court with directions to assess permanent alimony either in installments or in lump sum.
Thereafter, upon remand, the case was considered by a different trial judge from the judge who originally tried the case and who entered the order previously appealed to this court, because the predecessor judge had retired.
The new judge entered the order now under review, styled a "Final Order of Assessment," which reads:
"This court has considered this cause, in accordance with the mandate of October 24, 1973, filed by the District Court of Appeal, Third District. It has considered argument of counsel for the respective parties, memoranda and analysis of record submitted by the respective parties, and has read, and considered, the record of this cause.
"The Court finds, as a matter of law, that any order assessing alimony should be made on the basis of the record considered by the Appellate Court. Any contention of the right for modification of an award based upon the status of the parties as of the Final Judgment of Dissolution (December 6, 1972), may be filed as provided in Florida Statute 61.14.
"It is accordingly, ORDERED and ADJUDGED as follows:
"1. That the plaintiff, JUDY PEARL DASH, be, and she is hereby awarded the sum of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00) as Lump Sum alimony in this cause payable at the rate of $350.00 per week.
"2. The Defendant, PHILIP DASH, is required to secure the foregoing award in such manner as may be mutually acceptable to counsel for the respective parties. Counsel are directed to submit an Order for approval of this Court providing for the manner in which such security shall be provided within ten (10) days of the date hereof... ."
The husband, Philip Dash, has taken this appeal contending first that the trial court's new alimony award was an abuse of discretion. Secondly, appellant argues that the award was unsupported by competent, substantial evidence.
We find merit to this latter contention, and accordingly reverse the judgment.
We think it was improper for a new trial judge, who was unacquainted with the earlier testimony and other proceedings in this case, simply to make his determination of a new alimony award based upon the appellate record. See, Bradford v. Foundation & Marine Construction Co., Fla. App. 1966, 182 So.2d 447.
Over a year and a half had passed since the original final decree had been entered when the new judge entered the order which is the subject of this appeal. In our opinion, the successor judge was not in an adequate position to rely only on the cold record in order to reach a fair determination *545 of the amount which should be awarded as permanent alimony in light of the wife's needs, the husband's ability to pay and the standard of living maintained during the marriage.
Therefore, it is our conclusion that the order appealed must be reversed. The cause is remanded for taking additional testimony, and for rendering of findings and entering of judgment in accordance with our earlier mandate. The parties may wish to stipulate to any portions of the original record which are relevant to a determination in this case.
Reversed and remanded.