327 So.2d 253 (1976)
Rufus V. BRADLEY, Appellant,
v.
Elizabeth L. BRADLEY, Appellee.
No. 74-1493.
District Court of Appeal of Florida, Fourth District.
February 27, 1976.
*254 John A. Baldwin, Casselberry, for appellant.
Joseph M. Murasko, Fern Park, for appellee.
DOWNEY, Judge.
The husband in a dissolution of marriage proceeding appeals from those portions of an adverse final judgment awarding the wife $4,000 in lump sum alimony, $800 as attorney's fees, and $479.20 as costs or suit money.
The record indicates appellant had been in the used car business but that the business had ended, and at the time of trial appellant was engaged in buying used cars for dealers on a flat fee basis that produced an income of between $500 and $600 per month. The record further indicates that (a) appellant has no assets of any consequence; (b) appellant owed the Internal Revenue Service over $700 and had several law suits against him, one for $4,800 which was indefensible; and (c) the appellee is a legal secretary earning approximately $640 per month.
We have searched this record in vain seeking support for the lump sum alimony award of $4,000. The only semblance of a basis for the award would be the trial court's finding that the appellant had sold a Mark IV Continental he bought in his business and he had sold a 1971 Mercury that the appellee used when the parties were living together and that appellant took a good share of their furniture when they separated. But the evidence shows appellee received nothing out of the sale of the Continental, and the court was unable to determine from the proof just what interest the wife was entitled to in the furniture and Mercury automobile. Both the pleadings and proof were inadequate in this respect.
An award of lump sum alimony should never be made unless the spouse being required to pay is in a financial position to make payment of such gross award without impairing or endangering his economic status. Yandell v. Yandell, Fla. 1949, 39 So.2d 554. Goode v. Goode, Fla. 1954, 76 So.2d 794. From the record it appears that the appellant was not financially able to pay the lump sum award.
Accordingly, we reluctantly find the trial court committed error in awarding lump sum alimony to the appellee and we therefore reverse the final judgment insofar as the lump sum alimony is concerned. However, since other aspects of the final judgment may have been influenced by the lump sum alimony award, we remand the cause to permit the trial court to re-assess the matter and take further testimony if he deems it necessary to properly adjudicate the issues involved.
WALDEN, C.J., concurs.
CROSS, J., dissents without opinion.