383 So.2d 231 (1979)
Lauren Moore DELEHANT, Appellant,
v.
Dorothea Margaret DELEHANT, Appellee.
No. 78-364.
District Court of Appeal of Florida, Fourth District.
March 7, 1979.
Rehearing Denied May 2, 1979.
On Rehearing May 28, 1980.
Richard D. Sneed, Jr., Fort Pierce, for appellant.
Russell J. Ferraro, Jr., of McManus, Stewart & Ferraro, P.A., Stuart, Vincent A. Lloyd, of Lloyd & Brown, Fort Pierce, and R. Patrick Beatty, of Saylor & Beatty, Stuart, for appellee.
BERANEK, Judge.
This is an appeal by the husband from the final judgment of dissolution of marriage. The case suffers from numerous procedural irregularities. Notice of appeal was filed on February 17, 1978. Designations to the court reporter filed by appellant included only limited portions of the transcript of all the evidence. Appellee/wife did not file cross designations to the court reporter. No portion of the transcript *232 of actual testimony was ever filed with this court. The parties have engaged in numerous motions whereby appellant originally sought to substantially extend the time for the filing of the complete transcript as designated. Appellee has continually argued appellant only designated a small portion of the evidence and that the portion designated would be insufficient to sustain the appeal. Appellee argues that she must have the transcript of the entire trial in order to refute the allegations made in the brief which appellant has filed and which makes no reference to any transcript The time for the filing of appellee's brief was extended until after appellee received portions of the transcript designated by appellant. The transcript as designated has never been filed in complete form and appellee has never filed a brief. Appellant has filed a document waiving the right to be heard with regard to any argument made which is not supported by a transcript.
Under all of these circumstances the Court on November 8, 1978, ordered appellee to file whatever brief deemed advisable within thirty days. No brief was ever filed. The matter has thus been considered and disposed of upon such record and briefs as have been filed.
We find that the final judgment discloses error on its face and reverse.
The trial court found that the husband was unemployable but that he would be receiving certain sums of money in the future due to the sale of a jointly owned business. The parties owned two assets jointly. One was a home and the other was Seymour's Inn, a restaurant and bar. The court found that there were no special equities in either one.
The court ordered child support to the wife based upon the husband's "net worth." This net worth was based on the husband's interest in the bar. The court ordered the bar be sold and the proceeds be used to pay off various designated bills and debts growing out of the marriage. The court then stated that anything left over was to be split equally between the parties.
As to the jointly owned home, the court ordered that the wife be awarded the husband's interest as lump sum alimony. The judgment then went on to condition this award of lump sum alimony by reciting that if the sale of the bar did not result in the husband's getting a substantial sum of money, then wife would not get the house as lump sum alimony but instead would receive the house for an estate of ten years during which time husband and wife would pay half of all expenses.
This final judgment is reversible on its face. An award of lump sum alimony creates a vested right that survives the death of the wife and is neither modifiable nor terminable upon remarriage. Gordon v. Gordon, 335 So.2d 321 (Fla. 4th DCA 1976). cert. denied, 344 So.2d 324; and Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976). Lump sum alimony should not be ordered unless the spouse being required to pay it is financially in a position to do so without impairing his or her economic status. Bradley v. Bradley, 327 So.2d 253 (Fla. 4th DCA 1976). Here, the Court could not award the home to the wife as lump sum alimony and then condition this award of lump sum alimony on the husband's making money out of the sale of the jointly owned business. Further, the Court could not assume a positive net worth on the part of the husband in one part of the final judgment and then recognize the very real possibility that he might make no money out of the sale of the business in another portion of the judgment. The judgment, on its face, is inconsistent and is erroneous as it affects the rights of both parties.
The final judgment is reversed in its entirety and the matter remanded for further proceedings in accord with this opinion.
REVERSED AND REMANDED.
LETTS and MOORE, JJ., concur.

ON PETITION FOR REHEARING
BERANEK, Judge.
This matter has been considered on motion for rehearing and clarification filed by *233 appellee. In this Court's opinion of March 7, 1979, it was incorrectly stated that appellee had not filed a brief. Appellee's brief was timely filed and has been considered. The opinion of March 7, 1979, is corrected to so indicate. The opinion of March 7, 1979, is further clarified as follows. The final judgment as it relates to dissolution of marriage and child custody is affirmed. In all other respects the final judgment is reversed for further proceedings in accordance with the prior opinion herein. Other than as indicated above, all requests for rehearing and clarification are denied.
LETTS and MOORE, JJ., concur.

ON PETITION FOR REHEARING
BERANEK, Judge.
This matter has been considered on appellee's second motion for rehearing and clarification. Our initial opinion reversed the final judgment in its entirety because the trial court erroneously awarded appellee conditional lump sum alimony. Pursuant to appellee's motion for rehearing and clarification of said opinion, we entered a second opinion affirming those portions of the final judgment pertaining to dissolution of the marriage and child custody, and reversing all remaining aspects of the judgment. The reversal concerned the portions of the judgment which relate to financial matters. We did not intend reversal of such aspects as restoration of appellee's maiden name, and, despite argument to the contrary, doubt that counsel construed our opinion as doing so. Appellee again moved for rehearing and clarification, conceding error in the conditional lump sum alimony award, but contesting our reversal of the other aspects on grounds that appellant, by failing to include a complete transcript in the record on appeal, failed to demonstrate error. The absence of the transcript is irrelevant, however, as the trial court's misconception of lump sum alimony law appeared on the face of the final judgment. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1980). Our reversal of all the financial matters is not predicated on actual error in each ruling, but rather on their interrelation with the conditional lump sum alimony award. As this Court stated in Bradley v. Bradley, 327 So.2d 253, 254 (Fla. 4th DCA 1976);
[W]e reluctantly find the trial court committed error in awarding lump sum alimony to the appellee and we therefore reverse the final judgment insofar as the lump sum alimony is concerned. However, since other aspects of the final judgment may have been influenced by the lump sum alimony award, we remand the cause to permit the trial court to re-assess the matter and take further testimony if he deems it necessary to properly adjudicate the issues involved. (Emphasis supplied.)
See also Winner v. Winner, 370 So.2d 845 (Fla. 3d DCA 1979).
In accordance with our prior opinions herein, the final judgment is affirmed in part, reversed in part, and the case remanded to the trial court for further proceedings consistent with this opinion. Other than as indicated above, all requests for rehearing and clarification are denied.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
LETTS, C.J., and MOORE, J., concur.