BERANEK, Judge.
This is an appeal by the wife from a final judgment dissolving the marriage between the parties. The wife seeks review of both the character and amount of alimony and the denial of costs. We reverse.
Although numerous issues are asserted on appeal, we limit our decision to the issue of the trial court’s exclusion of evidence offered by the wife on the issue of the husband’s extramarital affair as relating to his substantial expenditures of money during the marriage.
At trial the wife contended the financial circumstances of the parties were greatly depleted by the husband’s spending large amounts of money on an extramarital affair. The husband asserted the admitted financial collapse of the marriage was due to extravagant spending by the wife. The husband presented evidence in support of his theory of extravagancy by the wife but the trial court excluded cross examination of husband on the issue of whether he spent extravagant amounts on his extramarital activities. Because this evidence related to the financial condition of the parties during, the marriage, we find it relevant, since we conclude the trial court erred in failing to allow the admission of this evidence, we must reverse for consideration of adultery as it relates to the husband’s expenditures of funds and the relationship of those expenditures to the economic situation in which the parties stand before the court. Williamson v. Williamson, 367 So.2d 1016 (Fla.1979). After hearing this evidence, the trial judge should reconsider the issue of alimony and the wife’s entitlement thereto, both as to character and amount.
The appellant also seeks review of the trial court’s denial of court costs totaling $716. Although the trial court awarded the wife attorneys’ fees, costs were denied. This issue should also be reconsidered on remand.
The judgment appealed from is reversed and the cause is remanded for further proceedings with reference to the admission of evidence pertaining to appellee’s alleged conduct regarding the expenditure of funds and the effect that evidence may have upon the award of alimony, and for the purpose of considering appellant’s application for allowance of costs. Since this remand may result in a readjustment of alimony which may influence other financial matters between the parties we vacate the judgment in its entirety except as it relates to dissolution and child custody. Bradley v. Bradley, 327 So.2d 253 (Fla. 4th DCA 1976).
REVERSED AND REMANDED WITH DIRECTIONS.
LETTS, C. J., and DOWNEY, J., concur.