PER CURIAM.
This is the second time this court has been asked to review an award of the marital house of the parties to the wife as lump *214 sum alimony.[1] Again, we find facial error in the trial court’s order of July 28, 1980, finalized by the subsequent final judgment, both of which were entered by the successor trial judge.
In order to comply with our earlier opinion, the original trial judge should have completed the matter or the successor trial judge should have conducted a trial de novo on the issues except dissolution and child custody.[2] Neither was done.
Accordingly, we reverse the order and final judgment and remand to the trial court for proceedings consistent herewith.
REVERSED AND REMANDED.
GLICKSTEIN and HURLEY, JJ., and GREEN, OLIVER L., Associate Judge, concur.

. See our earlier opinion in Delehant v. Delehant, 383 So.2d 231 (Fla. 4th DCA 1980).

. See Bradford v. Foundation & Marine Constr. Co., 182 So.2d 447 (Fla.2d DCA), cert. denied, 188 So.2d 821 (Fla.1966); Dash v. Dash, 306 So.2d 543 (Fla.3d DCA 1974).