GLICKSTEIN, Judge.
It appears that the trial judge who conducted the hearing on December 11, 1981, upon petitioner’s motion for protective order was not the judge who signed the order on December 29, 1981, denying the motion, notwithstanding the availability of the first judge. Such practice is anomalous and must be disapproved. See Delehant v. Delehant, 409 So.2d 213 (Fla. 4th DCA 1982); Bradford v. Foundation & Marine Construction Co., 182 So.2d 447 (Fla. 2d DCA 1966), cert. denied, 188 So.2d 821 (Fla.1966); and Dash v. Dash, 306 So.2d 543 (Fla. 3d DCA 1974). Accordingly, we grant the petition for writ of certiorari and quash the order.
However, we do so without prejudice to respondent to obtain a proper order from the trial judge who conducted the hearing. Perhaps in the interest of judicial economy we would have simply relinquished jurisdiction for the entry of an order to be properly signed nunc pro tunc. However, it further appears from the transcripts made available to us that the deposition of petitioner considered by the trial judge may not have reflected the fact that petitioner did not waive reading and signing.
The trial judge who conducted the hearing of December 11, 1981, should sign any future order and should consider — with appropriate memoranda of law from the parties — what effect, if any, the deponent’s not having waived the reading and signing of his deposition had upon the primary issue in this matter. As a final expression, we remind the petitioner, his related appeal having been dismissed, that neither the trial court nor this court should reconsider the matters involved therein.
HURLEY, J., concurs.
LETTS, J., dissents with opinion.