442 So.2d 1009 (1983)
Dorothea Margaret DELEHANT, Appellant/Cross Appellee,
v.
Lauren Moore DELEHANT, Appellee/Cross Appellant.
Nos. 82-2161, 82-2218.
District Court of Appeal of Florida, Fourth District.
November 23, 1983.
Rehearing Denied December 28, 1983.
Karen O'Brien Steger of McManus, Stewart & Ferraro, P.A., Stuart, and Vincent A. Lloyd of Lloyd, Brown, Hoskins & Becht, Fort Pierce, for appellant/cross appellee.
Martha C. Warner, Stuart, for appellee/cross appellant.
WALDEN, Judge.
This is an uncommonly difficult dissolution of marriage action. The record reflects, among other discords, alcoholism *1010 and attempted suicide. There were remarkable business failures and declines in assets. There were five previous actions filed followed by reconciliations. The instant action has been in litigation for over five years and has visited this court on two prior occasions. See Delehant v. Delehant, 383 So.2d 231 (Fla. 4th DCA 1980) and Delehant v. Delehant, 409 So.2d 213 (Fla. 4th DCA 1982).
The trial court labored diligently to adjust the equities and property rights of the parties. A comprehensive final judgment was entered. Both parties are aggrieved by it and have appealed. With two, relatively speaking, minor exceptions to be yet discussed, we approve the solution fashioned by the trial court as the best that could be reached under the law and facts of this case.
With reference to the wife, she says she should have received the husband's interest in the jointly owned marital home as lump sum alimony. We disagree and affirm. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
The judgment provided that the wife would have exclusive use of the marital home from August 24, 1982, to December 31, 1987, and that the wife shall be responsible for all charges on the former marital residence including but not limiting it to mortgage payments, insurance, taxes, repairs, and maintenance. The wife is aggrieved over having to pay all the charges and says that the trial court erred in not giving the wife credit for the husband's share of the real property expenses. We agree. In Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976), this court pointed out that where the marital domicile was jointly owned, the husband and wife become tenants in common upon dissolution of their marriage. More specifically it was there held at page 353,
where the final judgment of dissolution of marriage awards one co-tenant the exclusive possession of the marital domicile and directs that co-tenant to pay all or some of the obligations of the property such as taxes, liens and repairs, the right of the co-tenant in possession to reimbursement from the other co-tenant is postponed until such time as the property is partitioned or otherwise sold. However, upon partition or other sale the tenant paying those obligations of the property is entitled to credit from the proceeds of the sale for the other co-tenant's proportionate share of those expenses.
See also Lyons v. Lyons, 208 So.2d 137 (Fla. 3d DCA 1968); Guthrie v. Guthrie, 315 So.2d 498 (Fla. 4th DCA 1975); and Price v. Price, 389 So.2d 666 (Fla. 3d DCA 1980). While we hereafter reverse the award of exclusive possession to the wife, we hold that the wife, upon sale of the marital home, shall be entitled to reimbursement from the sales proceeds for the husband's proportionate share of the marital home expenses which the wife has already paid since the time she became a tenant in common pursuant to the final judgment.
With reference to the husband and his cross appeal, we find no error or abuse of discretion as to the award of periodic alimony and attorney fees to the wife. Canakaris v. Canakaris, supra.
The husband poses the question as to whether the trial court erred in awarding the wife five years continued exclusive possession of the marital home when there were no longer minor children or other justifying circumstances. We hold that it did and reverse this provision in the final judgment.
It appears that the marital home is the chief asset of the parties, it having an equity value of something over $100,000.00. The income of the parties is minimal. The children are adults, not statutorily dependents, and the parties are not legally responsible for their support. The wife is working and in good health. The trial court remarked in awarding the exclusive possession to the wife,
I want to make sure that she and the kids, one of whom is going to college, still can have a place to park while he's *1011 in college... . The kid that's wanting to go to college has got to have an easy life in order to go to college.
The wife appears to concede, at least tacitly, that the award of exclusive possession to her was without legal justification and suggests that it was done to offset other alleged errors made by the trial court. Be that as it may, our survey of the record and authorities leads us to hold that the award of exclusive occupancy of the marital home here was error. There just is no legal justification or allowable special purpose to be served here by such award. See Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); Coalla v. Coalla, 330 So.2d 802 (Fla. 2d DCA 1976); and Baldi v. Baldi, 323 So.2d 592 (Fla. 3d DCA 1975).
Affirmed in part; reversed in part; and remanded for further proceedings consistent herewith.
HERSEY, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially:
I concur in the majority opinion and add these comments. First, parties' personal and financial situations do not always remain in a vacuum while judicial errors are being corrected over a period of time. In the three years that have accumulated in the present case, this court first reversed the original award of lump sum alimony because of the condition attached to it, then reversed again after remand. I get the impression that during all of this passage of time, while the original award remained in limbo, the opportunity of the parties' children for a higher education may have dwindled away. Certainly, the children did not remain in a time warp and were compelled to make decisions affecting their lives while the case went back and forth, which leads to my second comment. Now, the trial court has awarded the wife use and possession of the marital home to give their youngest child a place to live while in college. What could be more sensible? Just because a "child" turns eighteen, should he cease being able to live in his parents' home while pursuing an education? Does he cease being the child of the parent? At oral argument, counsel for the wife conceded the trial judge erred, nevertheless, in doing so, there being no authority for him to award use and possession for that purpose, which leads to my final observation.
The legislature  and only the legislature  can provide the courts of this state with jurisdiction to require financially able parents to provide able and desirous children with a reasonable higher education and a roof over their heads while they are getting it. I urge the legislature to do just that, recognizing that modern legislators, unlike Moses, are not isolated on Mt. Sinai, but are barraged by telephonic and personal entreaties from constituents and lobbyists. With such competition from the adults, how do children get their ear? Legislators rarely see them or hear from them. Children have no vote; and they have all too few spokespersons. Accordingly, as a result of this gap in the law, this child does not have the benefit of the security of the marital home while pursuing his remaining chance at higher education with what is left of this family's wherewithal.