## IN RE: ESTATE OF EDNEY
Case No. 84-173-CP

Nineteenth Judicial Circuit, Martin County, Florida

December 21, 1987

**OPINION OF THE COURT**

JOHN E. FENNELLY, Circuit Judge.

This matter came on for hearing pursuant to motion, filed by creditor Jane Anne Edney, for attorney's fees pursuant to F.S. 733.106(3). A review of the facts reveals that creditor Jane Edney filed a claim on 4 February, 1985 against the estate of her deceased former husband alleging an obligation by the husband to pay lump sum alimony, a promissory note, and attorney's fees. In accordance with the applicable probate provisions relating to creditor's claims, the claim was duly objected to and an independent action was brought in the circuit court which resulted in a final judgment being entered in case 85-373-CA. Creditor asserts that she is entitled to attorney fees as she had benefited the estate by effectuating the testamentary intent of the decedent.

In the Court's view creditor misapprehends the essential nature of lump sum alimony as a vested property interest that survives as a charge upon the estate of the obligor. *See O'Malley v. Pan Am Bank of Orlando,* 384 So.2d 1258 (Fla. 1980). *Delehand v. Delehand,* 383 So.2d 231 (Fla. App. 1980). It is also not without significance that the creditor has treated her claim at all times as such and throughout both the probate and civil action.

In view of the foregoing, the credit has not brought benefit to the estate, but was at all times what she has consistently said she was, a credit and nothing more. The motion is therefore denied.