669 So.2d 1098 (1996)
Della Page HONEYCUTT, Appellant,
v.
Robert Elwood HONEYCUTT, Appellee.
No. 95-1299.
District Court of Appeal of Florida, Fifth District.
March 15, 1996.
Sharon Lee Stedman of Sharon Lee Stedman, P.A., Orlando, for Appellant.
No Appearance for Appellee.
COBB, Judge.
The wife appeals several financial aspects of a final judgment of dissolution of marriage. We reverse and remand the cause for reconsideration.
On reconsideration, the court shall recalculate the child support obligation of the husband based on the most recent financial affidavits in the record. Any deviation from the presumptive support figure found in section 61.30 shall be supported by a specific finding. See § 61.30(1)(a), Fla.Stat.
The court shall also refigure the credits awarded the parties against the sale of the marital home. The husband is not entitled to a credit for mortgage payments he made during the pendency of the case since these payments were made pursuant to court order in lieu of temporary child support. See Roth v. Roth, 611 So.2d 1268 (Fla. 3d DCA 1992); Fitzgerald v. Fitzgerald, 558 So.2d 122 (Fla. 1st DCA 1990).
*1099 The wife also contends the trial court erred in entering the following provision:
From the date of this Final Judgment until the date of any closing and sale of the real property, the Wife shall be responsible for all expenses relating to the use and ownership of said real property, including but not limited to mortgage payments (including principal and interest), taxes, insurance, homeowners association dues or fees, utilities, repairs and maintenance expenses. The Wife shall receive a credit of one-half (½) of all principal reductions made by her. The Wife will be responsible for all routine repairs and maintenance; provided, however, if the cost of any one repair exceeds $200.00, the cost shall be shared equally by the parties.
The wife argues that she is entitled to a credit for one-half of her post-decretal payments (mortgage, insurance, taxes, dues and repairs) against her husband's one-half of the net proceeds upon sale of the property. She relies on cases from three other district courts in support of this argument. See, e.g., Breland v. Breland, 565 So.2d 368 (Fla. 1st DCA 1990); Fischer v. Fischer, 503 So.2d 399 (Fla. 3d DCA 1987); and Delehant v. Delehant, 442 So.2d 1009 (Fla. 4th DCA 1983). The underlying rationale appears to be that, even though one party is deprived of occupancy of the jointly-owned property, the value of that occupancy cannot be considered because the equity of the ousted spouse should not be enhanced by the interim payments made by the occupant spouse.
We disagree with the above argument, and adhere to our holding in Pearce v. Pearce, 626 So.2d 294 (Fla. 5th DCA 1993). Therein we held that a separated spouse enjoying exclusive occupancy of the marital residence after separation should be debited for one-half of the fair market rental value of the residence during that period.
There is no factual finding in the instant case that one-half of the post-decretal payments (exclusive of principal reduction) required by the wife in respect to the home will be off-set by the value of her exclusive occupancy of the home during the period. We believe such express findings and valuation requirements are mandated by section 61.075(3), Florida Statutes, which was enacted effective July 1, 1991. See Plyler v. Plyler, 622 So.2d 573 (Fla. 5th DCA 1993); Bussey v. Bussey, 611 So.2d 1354 (Fla. 5th DCA 1993).
Finally, the trial court shall on remand identify whether the Florida Hospital Credit Union account was a marital asset and, if so, distribute said asset.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
PETERSON, CJ. and DAUKSCH, J., concur.