773 So.2d 568 (2000)
Diomedes Raul BERMUDEZ Y SANTOS and Melba Bermudez, Appellants,
v.
Zoila BERMUDEZ Y SANTOS, Appellee.
No. 3D98-1622.
District Court of Appeal of Florida, Third District.
October 18, 2000.
*569 Mary Raymond, Miami, for appellants.
Marcus & Marcus, P.A., and Iris N. Sachs, Homestead, for appellee.
Before COPE, GODERICH and SORONDO, JJ.
COPE, Judge.
This is an appeal from an order on exceptions to the report of the general master in a dissolution of marriage and partition case. We affirm in part and reverse in part.
Zoila Bermudez y Santos ("wife") filed a petition for dissolution of marriage against Diomedes Raul Bermudez y Santos ("husband"). The home in which they resided prior to the dissolution of marriage is titled in their name and that of the husband's mother, Melba Bermudez. The wife asserted a claim for partition in the dissolution of marriage action, and joined the mother as a party to it.
The general master conducted the final hearing and entered a report and recommendation. The husband and mother filed exceptions regarding property issues. By agreement of the parties the court entered a separate judgment dissolving the marriage. As to the property issues, the circuit court granted the exceptions in part and denied them in part. The husband and mother have appealed.
The husband and mother first dispute the trial court's ruling regarding the respective ownership interests of the mother, husband, and wife. Based on the record adduced, we conclude that the wife is entitled to a one-fourth undivided interest in the real estate, as tenant in common.
This was a twenty-two year marriage. Prior to Hurricane Andrew, the husband and wife occupied their own home in the southern part of Dade County, and the mother and her late husband had a residence of their own. Both homes were severely damaged by the hurricane.
Soon after Hurricane Andrew, the mother's husband died. The mother has serious health problems and requires assistance in her daily living. Eventually it was agreed that the mother would have a new house built and the husband and wife would reside in the home with her. The evidence also showed that the mother turned over the handling of her financial matters to her son, the former husband here, who also was responsible for most of the arrangements pertaining to the construction of the new house.
The husband and wife attended the closing on the purchase of the new house, and the mother did not. The husband arranged for the names of the mother, the husband, and wife to all appear on the deed. The general master found that the mother provided most, but not all, of the consideration for the new house.
The mother testified that she gave permission for the husband's name to appear *570 on the deed but not the wife. The husband testified that the wife insisted on having her name on the deed, or she would not agree to move into the mother's home. He stated that he placed her name on the deed without the mother's knowledge. The wife confirmed that she had insisted on her name being on the deed or she would not agree to the living arrangement.
The master evidently believed the testimony that the mother (who had provided almost all of the consideration for the real estate) had not consented to the wife's name being on the deed. The master pointed out, however, that the mother did consent to the husband's name being on the deed, resulting in a fifty-fifty tenancy in common. The master reasoned further that the husband was free to split his fifty percent share with his wife. The master thus concluded that the result was a tenancy in common in which the mother owned a fifty percent undivided share, the husband a twenty-five percent undivided share, and the wife a twenty-five percent undivided share. The master also found that the share of the husband and wife was held as a tenancy by the entireties.
On considering the exceptions, the trial court concluded that a determination of the parties' respective shares could not be determined because the deed was not in the record. However, both parties agree that the deed is in the record. Upon review of the transcript and the deed, we agree with the master's analysis, with one exception. The deed contains no indication that the husband and wife hold their share as tenants by the entireties, or with right of survivorship. See Winchester v. Wells, 265 F.2d 405 (5th Cir.1959); Little River Bank & Trust Co. v. Eastman, 105 So.2d 912 (Fla. 3d DCA 1958). That being so, it follows that the parties all hold their interests as tenants in common.
The husband and mother also point out that in a partition proceeding it is necessary for there to be an accounting to determine whether each co-tenant has paid his or her proportionate share of the expenses of the property, and adjust the co-tenants' accounts accordingly. That is correct. See Biondo v. Powers, 743 So.2d 161, 164 (Fla. 4th DCA 1999); Hernandez v. Hernandez, 645 So.2d 171, 173 (Fla. 3d DCA 1994). Once that has been accomplished the parties can make such arguments as they deem appropriate on the fashioning of further relief in this case.
We note that partition proceedings are in equity. Because there must be further proceedings we invite the attention of the parties and court to Condrey v. Condrey, 92 So.2d 423, 427 (Fla.1957), which refused partition where the effect of granting partition would have been to oust elderly parents, who were in poor health and unable to support themselves, from their home. How that analysis may apply here we leave to the trial court to consider after the record is fully developed. We point out the case to illustrate the extent of discretion available to the trial court.
The husband contends that the trial court erred by failing to make a finding that there were marital debts of $65,000. We find no error on this point.
The husband and wife both agree that the husband's parents provided them $10,000 for the down payment on their previous marital home. Several years later, the parents provided approximately $55,000 which the husband and wife used to pay off their mortgage. The husband and wife also agree that when this was done, the husband and wife agreed to repay the husband's parents. No written evidence of this indebtedness was introduced in the record below. However, both parties agree that for a period of several years, they made monthly payments of approximately $550 to the husband's parents.
That marital home was severely damaged by Hurricane Andrew and was sold in its damaged condition. As already stated, the husband and wife eventually moved *571 into a home the mother built after Hurricane Andrew.
The husband argues that the trial court should have included as a marital debt the amount owed on the loan to the couple by the husband's parents. The master and circuit court rejected this claim, finding the existence of the debt to be inadequately established. Although our reasoning differs, we agree. No evidence was brought forward in the trial court to establish that at the time of the final hearing, there was any outstanding balance remaining and if so, what the amount was.
The husband challenges the rehabilitative alimony award, but we conclude that it was within the court's discretion, based on the record.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.