CLARK, J.
 

 Helen Green appeals, and Ernest Green cross-appeals, the final judgment of partition, in which Ernest Green was awarded $26,500.00 credit for mortgage payments he made on the former marital residence. We reverse the award of credit to Appellee against the net proceeds of the sale of the residence or the buy-out price to be paid by Appellant, and affirm in all other respects.
 

 The parties’ marriage was dissolved by final order entered in 1983, more than twenty-four years before Appellee, Ernest Green, initiated the partition proceedings below. The Final Judgment of Dissolution awarded Ms. Green and the minor children
 
 *300
 
 “exclusive use and occupancy of the jointly owned home ... to continue until the remarriage of the Wife or until the attainment of the age of majority by the children.” Mr. Green was required to pay $100.00 per month in support for his daughter, and “continue to make the monthly payments on the mortgage encumbering the marital domicile, and shall hold the Wife harmless from any claim thereon.” Subsequently, it was discovered that the daughter suffered from a debilitating condition which caused her to remain dependent. As a result, in 1999 the parties agreed to the entry of the “Consent Order Extending Child Support,” which extended the exclusive use and possession of the home by Ms. Green and the daughter beyond the daughter’s eighteenth birthday, and ordered Mr. Green to continue to pay the mortgage payments and $100.00 per month in support for his daughter.
 

 The mortgage was satisfied in 2005. Ms. Green and the parties’ dependent daughter lived in the home until December 19, 2007, when the daughter died unexpectedly at age 27. Upon the daughter’s death, the jointly owned property was subject to partition.
 

 The trial court found, and the parties do not challenge on appeal, that Mr. Green paid a total of $90,493.99 on the mortgage, including property insurance and taxes. In the partition action, Mr. Green sought a credit for half that amount, or $45,247.00, against Ms. Green’s share of the sale proceeds or applied to the buy-out price if either party sought to purchase the other’s interest in the property.
 

 The final judgment of partition granted partition and awarded Appellant, Ms. Green, a credit of $3,500.00 for home maintenance and repair expenses she paid. These rulings are not challenged on appeal. However, both parties appeal the award to Mr. Green of a credit for $30,000.00 of the $45,000.00 credit he sought, for a net credit to Mr. Green of $26,500.00.
 

 The trial court justified the credit awarded to Mr. Green by finding that: the trial court had discretionary authority to do equity and justice between the parties; the child support awarded in the dissolution action was “low” and “modest,” but never modified; and Mr. Green “acknowledged that the requirement that he pay the mortgage was in lieu of child support” in his testimony at the final partition hearing. The court’s award of a portion of the credit sought — $30,000.00 rather than $45,-247.00 — is unexplained. No statute Ol-ease precedent is relied upon for the trial court’s award for mortgage payments in an amount approximately 30% less than one-half of the payments.
 

 It is well settled in Florida that the tenants of an estate by the entirety become tenants in common upon entry of the final judgment granting dissolution of marriage.
 
 McCarthy v. McCarthy,
 
 922 So.2d 223 (Fla. 3d DCA 2005). As tenants in common they are responsible for dividing equally all payments such as mortgage payments, taxes, repairs and insurance, necessary to maintain them ownership of the property until its sale.
 
 Kelly v. Kelly,
 
 583 So.2d 667 (Fla.1991). Generally, if one co-tenant pays all of the mortgage payments, that party is entitled to credit for payment of the other party’s share when the house is sold.
 
 Mitchell v. Mitchell, 471
 
 So.2d 2 (Fla. 5th DCA 1985);
 
 Rubino v. Rubino,
 
 372 So.2d 539 (Fla. 1st DCA 1979);
 
 Strollo v. Strollo,
 
 365 So.2d 189 (Fla. 1st DCA 1978).
 

 An exception to this general rule is where mortgage payments are made to meet child support obligations.
 
 Pastore v. Pastore,
 
 497 So.2d 635 (Fla.1986). If Mr.
 
 *301
 
 Green’s mortgage payments were an aspect of child support, then the exception applies and credit for the payments is not available.
 
 Benson v. Benson,
 
 800 So.2d 739, 740 (Fla. 5th DCA 2001);
 
 Honeycutt v. Honeycutt,
 
 669 So.2d 1098 (Fla. 5th DCA 1996);
 
 Roth v. Roth,
 
 611 So.2d 1268 (Fla. 3d DCA 1992);
 
 Fitzgerald v. Fitzgerald,
 
 558 So.2d 122 (Fla. 1st DCA 1990). Appellee asserts that the
 
 Pastore
 
 exception applies only if an order or settlement agreement overtly states that the mortgage payments constitute child support.
 

 The orders directing Mr. Green to pay the mortgage at issue do not explicitly state that the payments were in lieu of child support. Ideally, the orders in the dissolution action would have been drafted with more specificity regarding the disposition of the marital home and its eventual sale. However, those orders are not before us for review. The trial judge was left to apply those orders to the situation presented in the partition action as justice dictated.
 

 Partition proceedings are in equity.
 
 Bermudez y Santos v. Bermudez y Santos,
 
 773 So.2d 568 (Fla. 3d DCA 2000). Partition principles are flexibly applied in order to arrive at a fair, equitable, and just decree.
 
 Fernandez v. Gonzalez,
 
 758 So.2d 1192 (Fla. 3d DCA 2000). A court of equity administers justice “according to good conscience.”
 
 Schroeder v. Gebhart,
 
 825 So.2d 442, 446 (Fla. 5th DCA 2002). Because partition is a subject of equitable jurisdiction, the trial court will be affirmed unless it is shown that the trial court abused its discretion in determining whether credits or set-offs are appropriate.
 
 Wood v. Friedman,
 
 388 So.2d 1355 (Fla. 5th DCA 1980).
 
 [1]
 

 Under the circumstances of this case and given the equitable nature of partition proceedings, the record contains sufficient support for the trial court’s consideration of the mortgage payments in this case as an aspect of Mr. Green’s support obligations. The award of exclusive use and possession of the former marital residence to Ms. Green and the children, and the continuation of this exclusive use and possession under the “Consent Order Extending Child Support” due to the daughter’s continued dependence, constituted an aspect of child support in kind.
 
 Sency v. Sency,
 
 478 So.2d 432 (Fla. 5th DCA 1985).
 
 See also, Berger v. Berger,
 
 559 So.2d 737, 739 (Fla. 5th DCA 1990). The payments were made by Mr. Green to provide his dependent daughter with a home. Considering the modest monetary child support award — which was never modified despite the daughter’s special needs — and the provision in both previous orders that Mr. Green would “hold the Wife harmless from any claim” upon the mortgage payments, the trial court’s treatment of the mortgage payments as an aspect of child support was supported in the record.
 

 Considering the partial award of credit, the trial court’s award of credit to Mr. Green in the amount of $30,000.00 rather than the $45,247.00 he sought, was unexplained and without example in current legal precedent. While “[a]n equity court will never be thwarted from fashioning a decree that will do right and justice between the parties,”
 
 Demorizi v. Demorizi,
 
 851 So.2d 243, 246 (Fla. 3d DCA 2003), the court’s discretion must not be exercised in an arbitrary manner. The trial
 
 *302
 
 court properly determined that Mr. Green was not entitled to a 50% credit for the mortgage payments made pursuant to court order, yet did award him credit for a smaller percentage without justification. As stated in
 
 Benson v. Benson,
 
 800 So.2d 739, 740 (Fla. 5th DCA 2001)(Sharp, J., concurring specially), “[i]t cannot be both ways.
 
 Pastare
 
 .... If not deemed to be additional child support and/or alimony, the court should give the former husband 50% credit for the payments.... Or, if it is included as part of the package of alimony and/or child support, no credit should be given.” “Equity delights to do justice and not by halves.”
 
 Skillman v. Baker,
 
 142 So.2d 113, 114 (Fla. 1st DCA 1962).
 

 Accordingly, the award to Appellee of a credit for court-ordered mortgage payments upon the former marital residence is REVERSED. In all other respects, the final judgment of partition is AFFIRMED.
 

 BENTON and LEWIS, JJ., concur.
 

 [1]
 

 . The trial court’s authority to consider the equities of the situation in this partition action existed long prior to the enactment of section 61.077, Florida Statutes (1997), and Appellee/Cross-Appellant's argument on cross-appeal that section 61.077 does not apply has no bearing on the outcome of this case.