WALLACE, Judge.
Carmen A. Tate (the Wife) appeals the final judgment that dissolved her marriage to Scott R. Tate (the Husband). The Wife raises four issues. She challenges the financial arrangements regarding the parties’ beach condominium unit, various provisions of the equitable distribution scheme, the trial court’s omission to address the prepaid college funds established for the parties’ three minor children, and the calculation of the child support award. There is no cross-appeal. We affirm in part, reverse in part, and remand for further proceedings.
I. THE FACTUAL AND PROCEDURAL BACKGROUND
The parties were married in 1999. They had three minor children. The Husband *202 filed a petition for dissolution of marriage on March 81, 2009, and the Wife filed a counterpetition.
At the time of the final hearing, the Husband was employed as an information technology manager for a national company. He earned approximately $8900 per month. The Hillsborough County School Board employed the Wife as a school nurse. She earned approximately $2830 per month.
The parties owned a home in Valrico in Hillsborough County. They also owned a condominium unit located on the beach in Treasure Island in Pinellas County. The parties used the condominium as a rental. Before the dissolution proceeding began, the parties had several investment and deferred compensation accounts. The parties exhausted most of the assets in these accounts during the course of the dissolution proceeding with living expenses, the purchase of a new automobile by the Husband, and the cost of the litigation.
The trial court heard the case over three days in October 2010. In its final judgment, the trial court ordered the parties to observe an alternating weekly time-sharing arrangement for the children. The Husband was obligated to pay the Wife child support of $95 per month. The trial court also ordered the Husband to pay the Wife durational alimony of $1900 per month for a period of ten years.
The trial court ordered the parties to sell the condominium and to divide the net proceeds but directed that the Wife would be responsible for the payment of the mortgage and other expenses of the condominium until it sold. The parties’ remaining assets — -with the exception of prepaid college funds for the children — were equitably distributed. The trial court declined the Wife’s request for the exclusive use of or title to the marital home. Instead, the trial court allocated that asset to the Husband in the equitable distribution scheme, along with the responsibility for payment of the first mortgage and a home equity line of credit.
The Wife filed a motion for rehearing raising numerous issues. The trial court subsequently entered an amended final judgment that addressed matters not pertinent to this appeal and denied the motion in all other respects. The Wife’s appeal followed.
We find no reversible error in the calculation of the child support award. This issue does not warrant further discussion. We do find merit in the other three issues raised by the Wife. We turn now to a discussion of these issues.
II. THE BEACH CONDOMINIUM
The parties owned the condominium located on the beach in Treasure Island as tenants by the entireties. Before the separation, they had used the condominium as a short-term rental unit. The production of income from the condominium was contingent on the parties’ ability to keep it rented to suitable tenants.
The condominium was subject to a mortgage. The monthly payment on the mortgage was initially $1800. The Wife testified — without contradiction by the Husband — that the condominium had never generated a positive cash flow. The parties’ income tax returns for 2008 and 2009 confirmed that the rental of the condominium operated at a loss.
After the parties separated, the Husband lived briefly in the condominium. He soon relocated to a residence closer to the marital home where the Wife continued to reside with the children. After the Husband vacated the condominium, the Wife assumed responsibility for renting it and for paying the mortgage and other expenses of the property. Because the par *203 ties had not paid the property taxes for 2009, the holder of the first mortgage required an escrow to cover the taxes. This requirement resulted in an increase in the amount of the monthly mortgage payment from $1800 to $2993.
The amended final judgment included the following provision concerning the condominium:
The condominium owned by the parties ... shall be sold and the net seller’s proceeds shall be divided between the parties. Until the condominium is sold, the Wife shall be responsible for the management and leasing of the condominium .... During the period of time between the Final Judgment and the closing of the sale of the condominium, the Wife shall be solely responsible for the mortgage(s) and for the Home Owner’s Association dues and fees and for all other costs and expenses related to her ownership of the condominium. The Wife will indemnify the Husband against any losses he may suffer as a result of the Wife’s failure to make payment on said mortgage(s) or Home Owner’s assessments.
Thus the trial court did not grant possession of the condominium unit to either of the parties. In effect, the trial court continued the Wife in her role as the manager of the condominium. However, the trial court required the Wife to pay the mortgage and all other expenses of the property pending its sale. Notably, the trial court made no provision for the Wife to receive credits for any shortfall from the net sales proceeds. The Wife argues that this provision is erroneous as a matter of law. We agree.
The trial court erred in requiring the Wife to bear all of the expenses of the condominium pending its sale. Upon the entry of the final judgment of dissolution of marriage, the parties became tenants in common of the condominium. See § 689.15, Fla. Stat. (2010); Johnson v. Johnson, 902 So.2d 241, 243 (Fla. 1st DCA 2005). As we have noted, the trial court did not give either of the parties exclusive possession of the condominium. Under these circumstances, the parties are entitled to their proportionate share of the actual income, less their proportionate share of the expenses until they sell the condominium. See Kelly v. Kelly, 583 So.2d 667, 668 (Fla.1991); Hughes v. Krueger, 67 So.3d 279, 282 (Fla. 5th DCA 2011); Green v. Green, 16 So.3d 298, 300 (Fla. 1st DCA 2009). Upon the sale of property held as a tenancy in common, a party who has paid more than his or her proportionate share of the expenses is entitled to a credit against his or her share of the net proceeds. Kelly, 583 So.2d at 668; McFall v. Trubey, 992 So.2d 867, 869 (Fla. 2d DCA 2008). Accordingly, we reverse the provision in the amended final judgment regarding the disposition of the condominium. On remand, the trial court shall enter an amended final judgment addressing the disposition of the condominium in a manner consistent with this opinion.
III. EQUITABLE DISTRIBUTION ISSUES
The Wife asserted various errors in the equitable distribution scheme fashioned by the trial court. We will address these issues separately.

A. The Credit Cards

On the last day of the three-day final hearing, the parties did not have sufficient time to present their closing arguments. The parties agreed to submit proposed final judgments for the trial court’s consideration in lieu of submitting their closing arguments in written memoranda. Each *204 of the proposed final judgments contained a detailed equitable distribution schedule.
The Wife challenges the trial court’s inclusion of various credit card liabilities in the equitable distribution scheme and the allocation of those liabilities between the parties. However, the trial court’s treatment of these items is substantially in accordance with the equitable distribution schedule included in the Wife’s proposed final judgment. Thus, to the extent that the trial court’s treatment of the credit card liabilities is in error, the Wife invited that error.[1] “It is well settled that under the invited error rule ‘a party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she has invited the trial court to make.’ ” Fuller v. Palm Auto Plaza, Inc., 683 So.2d 654, 655 (Fla. 4th DCA 1996) (quoting Gupton v. Village Key & Saw Shop, 656 So.2d 475, 478 (Fla. 1995)). Accordingly, with one exception, we decline to hold that the trial court’s handling of the credit card liabilities in the equitable distribution scheme amounted to reversible error.
 We do find reversible error with regard to one item. In the Wife’s proposed final judgment, she listed Capital One account # 0677 for $15,304.25 as the Wife’s liability and Capital One account # 0947 for $19,237.25 as the Husband’s liability. The trial court allocated these items in accordance with the Wife’s proposal: the $15,304.25 item was assigned to the Wife, and the $19,237.25 item was assigned to the Husband. However, Capital One renumbered account # 0677 as account # 0947 in March or April 2010. There was only one account, and this account was in the Wife’s name. The $19,237.25 liability includes the lesser amount. Therefore, the $15,304.25 item assigned to the Wife in the amended final judgment is a duplicate of the $19,237.25 item assigned to the Husband. Although the Wife bears substantial responsibility for causing this error, the trial court must correct it on remand. A trial court cannot properly make an equitable distribution of the same liability twice.

B. The Wife’s Three Chase Bank Accounts

In the amended final judgment, the trial court assigned to the Wife three Chase bank accounts that were titled in the Wife’s name: Chase # 0568 for $4730.39; Chase # 0576 for $6264.30; and Chase # 0584 for $6794.23. The Wife argues that these three accounts were not marital accounts and should not have been included in the equitable distribution. The Wife also asserts that the trial court used incorrect values for these accounts. We agree with the Wife’s second argument, but not with her first.
The equitable distribution schedule in the Wife’s proposed final judgment lists each of these three accounts without any indication that they are the Wife’s non-marital property. Here again, the invited error rule prevents the Wife from complaining on appeal about a ruling that she invited the trial court to make. However, the parties stipulated that the marital assets would be valued as of the date of the final hearing. The undisputed evidence showed that the values for the Chase bank accounts at the date of the final hearing were as follows: Chase # 0568, $1235; Chase # 0576, $1427; and Chase # 0584, $404. The Wife’s proposed equitable distribution schedule used these values. The higher numbers that the trial court used appear to have come from the Husband’s proposal. On remand, the trial court must *205 correct the error in the amounts by substituting the correct values for .these three accounts.

C. The Prefiling Equity Line Advance Received by the Husband

A few days before the Husband filed his petition for dissolution of the marriage, he withdrew a substantial amount from the parties’ home equity line of credit. On December 10, 2009, the trial court entered an order granting a variety of temporary relief to the parties. Paragraph 10 of this order provided: “The Court notes that the Husband previously used $15,000 from the parties’ home equity line of credit and that this was a use of marital funds by the Husband and will be applied to the Husband’s side of the Equitable Distribution Schedule.”[2] This order was never vacated or modified. Nevertheless, the trial court failed to charge the Husband for the $15,000 in the equitable distribution scheme.
The Wife argues that the trial court erred in failing to charge the Husband with the $15,000 in accordance with the pretrial order. In response, the Husband makes two arguments. First, he contends that the trial court acted within its sound discretion by omitting the $15,000 from the equitable distribution schedule because the funds had been depleted. Second, the Husband observes that the Wife did not request the trial court to allocate the $15,000 to him at the final hearing.
We acknowledge that the Wife did not address the issue of the $15,000 either at the final hearing or in the equitable distribution schedule included in her proposed final judgment. The Wife did not raise the issue until she filed her motion for rehearing. However, we conclude that the Wife was entitled to rely at the final hearing on the provision in the pretrial order. The Husband never sought any relief from the provision in the order, and the trial court never vacated or modified it. Moreover, the trial court never informed the parties that it intended to revisit this provision of the pretrial order at the final hearing. Cf. Dent v. Dent, 851 So.2d 819, 822 (Fla. 2d DCA 2003) (Stringer, J., concurring) (“[AJlthough a court is free to reconsider its interlocutory orders [in a proceeding for dissolution of marriage] and the parties do not have a vested interest in the content of the order, the parties must have notice if those issues are to be revisited and an opportunity to be heard in this regard.”). We note that the trial court did not include any explanation in the amended final judgment concerning why it did not rule in accordance with paragraph 10 of the pretrial order. Under these circumstances, we agree with the Wife that the trial court erred in failing to charge the Husband for the $15,000 in accordance with its earlier ruling. On remand, the trial court shall correct this error.

D. The $30,000 “Additional Funds” Allocated to the Wife

In its equitable distribution schedule, the trial court credited the Wife with $30,000 in “Additional Funds” withdrawn from the Wife’s Bank of America checking account # 8677. The trial court did not offer any additional explanation for this entry on the equitable distribution schedule. The Wife asserts that the allocation of these funds to her constitutes error. We agree.
The evidence at the final hearing showed that these funds were no longer in existence at the time of the final hearing. There was no evidence that the Wife had *206 intentionally dissipated the funds, and the trial court made no finding that the dissipation of the funds resulted from intentional misconduct by the Wife. Accordingly, the trial court erred in crediting the Wife with the $30,000 in “additional funds.” See Bishop v. Bishop, 47 So.3d 326, 330 (Fla. 2d DCA 2010) (citing Roth v. Roth, 973 So.2d 580, 584-85 (Fla. 2d DCA 2008)).

E. The Wife’s 2005 Dodge Caravan

The trial court allocated a 2005 Dodge Caravan to the Wife and valued the vehicle at $9000. The Wife challenges this aspect of the equitable distribution scheme for three reasons: (1) the 2005 Dodge Caravan is a nonmarital asset, (2) the vehicle should have been valued at the lesser amount of $5280, and (3) the trial court failed to account for a $7876 loan outstanding against the vehicle.
We note that the Wife listed the 2005 Dodge Caravan on the equitable distribution schedule contained in her proposed final judgment and allocated it to herself. She made no claim that the 2005 Dodge Caravan is her nonmarital property. Thus, to the extent that the trial court erred in treating this vehicle as a nonmari-tal asset, we have another instance of invited error. The Wife cannot complain about this ruling on appeal. We also find no reversible error in the trial court’s valuation of this vehicle. However, the trial court did err in failing to account for the outstanding loan against the vehicle for $7876. On remand, the trial court must correct this error.

F. Regions Bank Preferred Plus Account No. 1273

The trial court allocated this asset to the Husband and valued it as suggested by the Wife in the equitable distribution schedule contained in her proposed final judgment. We find no reversible error in the trial court’s handling of this item.

G.The Award of the Marital Home to the Husband

The trial court awarded the marital home and its accompanying debt to the Husband. The Wife argues that the asserted errors discussed above “substantially skew” the equitable distribution scheme so that on remand the trial court must reconsider the award of the marital home to the Husband. We find no abuse of discretion in the award of the marital home and its accompanying debt to the Husband. However, on remand, the trial court must correct the errors identified above and make any necessary adjustments to the scheme of equitable distribution. Our holding that the trial court did not abuse its discretion in allocating the marital home and its accompanying debt to the Husband does not limit the trial court’s discretion to adjust the equitable distribution scheme as it may deem necessary on remand.
IV. THE PREPAID COLLEGE FUNDS
Several years before the parties separated, they established prepaid college funds for their three minor children. The account statements for the plans that were received in evidence name the Husband as the “account owner,” each child as the “beneficiary” of the plan established in the child’s name, and the Wife as the “surviv- or.” The Husband testified at the final hearing that he was paying the monthly payments necessary to maintain the existing college funds. Nevertheless, the amended final judgment does not address the question of which party shall be the custodian of the funds and the related *207 issue of liability for continuing the payments into the funds.[3]
The parties agree that a remand for the trial court to address these issues is appropriate. Accordingly, on remand, the trial court shall amend the amended final judgment to specify which of the parties is to be the custodian of the funds, the conditions under which the custodian will hold the funds, and the question of liability for continuing the payments into the funds. See Doerr v. Doerr, 751 So.2d 154, 156 (Fla. 2d DCA 2000); Osborne v. Osborne, 680 So.2d 505, 506 (Fla. 1st DCA 1996); Walton v. Walton, 657 So.2d 1214, 1217 (Fla. 4th DCA 1995).
V. CONCLUSION
We reverse the provision in the amended final judgment requiring the Wife to pay the expenses of the condominium pending its sale without contribution from the Husband of his proportionate share of the expenses. We reverse the provisions of the trial court’s equitable distribution scheme as outlined above. We remand for the trial court to address these issues and to adjust the equitable distribution scheme as may be necessary. On remand, the trial court shall also address the issue of the prepaid college funds for the children. In all other respects, we affirm the amended final judgment of dissolution of marriage.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
CRENSHAW and MORRIS, JJ„ Concur.

. We note that the Wife's appellate counsel did not represent her in the trial court.

. The amount withdrawn by the Husband was actually $27,500. The Wife’s argument addresses the $15,000 referenced in the trial court’s order.

. The trial court's omission to address this issue is understandable. Neither of the parties included a provision addressing the prepaid college funds in their proposed final judgments.